**FOX v. SANFORD, Warden.**

**No. 9983.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1941.

Floyd Fox, in pro. per., and Paul Crutchfield, both of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Floyd Fox has appealed from an order discharging a writ of habeas corpus and remanding him to the custody of the warden of the United States Penitentiary, Atlanta, Georgia.

On May 25, 1936, an indictment charging violations of the internal revenue laws was returned against Fox in the District Court of the United States for the Eastern District of Tennessee. He was tried and found

 

guilty by a jury, and on June 5, 1936, was sentenced to serve three years in the penitentiary. He was committed to the Atlanta penitentiary where he remained until July 16, 1938, when he was discharged under a conditional release which was to be effective through June 4, 1939. On April 11, 1939, the Grand Jury of Blount County, Tennessee, returned an indictment against Fox and others charging that on March 3, 1939, they had transported intoxicating liquors in violation of the laws of Tennessee. The probation officer reported the alleged violation, and on May 15, 1939, the Chairman of The United States Board of Parole issued a warrant directing that Fox be arrested and returned to the penitentiary for violating the conditions of his release.

In December, 1939, Fox was again indicted for violation of the internal revenue laws, and on February 27, 1940, after entry of a plea of guilty, was sentenced to serve a year and a day in the penitentiary. When this sentence, less good time, had been served, Fox was taken into custody under the warrant of the Board of Parole and held to serve the remainder of his original three year sentence.

Appellant contends that he is being unlawfully held under the warrant of the Board of Parole because he was by directed verdict acquitted of the charges in the Tennessee court, and because one member of the Board of Parole revoked his release "without any other evidence being submitted or heard in the premises".

There is no merit in the contention of the appellant. When he accepted release from the penitentiary he did so subject to the terms of the statutes which provide for the conditional release of prisoners and for the retaking of those who violate the terms and conditions of their releases. 18 U.S.C.A. §§ 710, 716, 716a, 716b 717, 719, 723a to 723c. The fact that Fox by directed verdict was acquitted in the State court did not bind the Board of Parole in the exercise of its discretion under Section 719. As provided by statute Fox was given a hearing before a member of the Board of Parole, and the reliability or sufficiency of the information upon which the Board acted is not a matter for determination by the courts in a proceeding for habeas corpus. Bowers v. Dishong, 5 Cir., 103 F.2d 464; Christianson v. Zerbst, 10 Cir., 89 F.2d 40.

The appellant's petition for habeas corpus presents nothing more than a collateral attack upon authorized proceedings of the Board of Parole. The court properly discharged the writ.

The judgment is affirmed.