**UNITED STATES ex rel. JACOBS v. BARC, U. S. Marshal.**

**No. 9644.**

Circuit Court of Appeals, Sixth Circuit.

March 27, 1944.

---

[4] Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c.

Daniel P. O'Brien, of Detroit, Mich. (O'Brien & Nertney and Daniel P. O'Brien, all of Detroit, Mich., on the brief), for appellant.

Vincent Fordell, of Detroit, Mich. (John C. Lehr, Thomas P. Thornton, and Vincent Fordell, all of Detroit, Mich., on the brief), for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

The District Court refused a writ of habeas corpus sought by relator, who is in the Wayne County jail, Detroit, Michigan, in the custody of the United States Marshal, under a warrant for violation of conditional release issued November 7, 1939, by the United States Board of Parole.

The relator was convicted of counterfeiting on November 9, 1933, and sentenced for a term of six years. In the penitentiary he earned 576 days of statutory good time, Title 18, U.S.C. § 710, 18 U.S.C.A. § 710, and 160 days industrial good time, Title 18, U.S.C. § 744h, 18 U.S.C.A. § 744h, and was released November 2, 1937, under a certificate of conditional release in which relator, among other things, obligated himself to report to the parole adviser, to obey the laws, and not to associate with persons of bad reputation. On or about July 8, 1939, he was arrested for armed robbery, but was acquitted. He was rearrested January 3, 1940, under the same facts, for carrying concealed weapons, of which charge he was convicted on April 2, 1940, and sentenced to the state penitentiary at Jackson, Michigan, for a term of two and a half to five years. He was released on parole to the State of Michigan on June 3, 1943. The maximum term under the federal sentence, if served continuously, would have expired November 8, 1939.

The United States Board of Parole, on November 7, 1939, issued its warrant for the retaking of the relator as a violator of conditional release, on the ground that the relator had given false reports, had associated with persons of bad reputation, and had been charged with armed robbery. The warrant was not served until

**482**

on or about June 3, 1943, when the relator was released from the state prison. This habeas corpus proceeding was instituted June 4, 1943.

Relator seeks a writ of habeas corpus on the ground that the federal sentence is terminated and fully served and that he is unlawfully detained by the United States Marshal. He claims that the conditional release was issued without authority of law; that under the good time statute he was entitled as a matter of right to the days earned, and so computed, his full sentence was served on November 2, 1937. If the proceedings in other respects are considered valid, he contends that his detention is unlawful because the Board of Parole did not revoke his conditional release prior to the expiration of his maximum federal sentence on November 8, 1939.

■■ The contention that the Board of Parole was not authorized to release the relator under a certificate of conditional release must be overruled. Section 716, Title 18, U.S.C., 18 U.S.C.A. § 716, provides that the Board of Parole may authorize the release of an applicant "upon such terms and conditions, including personal reports from said paroled person, as said board of parole shall prescribe." The same section provides that the applicant while on parole shall remain in the legal custody and under the control of the warden of the prison from which he is paroled. This section squarely authorizes the Board of Parole to impose as a condition of release the requirement of making reports to the Board, association with proper companions, and obedience to the law in all respects. The fact that the relator was not granted a parole, but was released only with credit for good conduct, is immaterial in view of § 716b, which provides that a prisoner so released "shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence." Under this provision the Parole Board has jurisdiction not only over applicants to whom parole is granted, but over prisoners granted a reduction of sentence for good conduct who, when provisionally released, are subject to all the provisions of the parole laws. Zerbst v. Kidwell, 5 Cir., 92 F.2d 756, affirmed 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, certiorari denied

305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377; King v. United States, 69 App.D.C. 10, 98 F.2d 291; Bragg v. Huff, 4 Cir., 118 F.2d 1006; United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94.

■ The relator contends that under §§ 710 and 744h of Title 18, U.S.C., 18 U.S.C.A. §§ 710, 744h he is entitled as a matter of right to good time earned. However, under the statutes he may forfeit good time allowance by his conduct. King v. United States, supra. Cf. Douglas v. King, 8 Cir., 110 F.2d 911, 127 A.L.R. 1200, which holds that the good time statute extends a mere privilege which does not become absolute or vested until the prisoner has earned the right by compliance with the statutory provisions. Section 710, enacted in 1902, extended the privilege of good time allowances. Section 716, enacted in 1910, recognized the good time allowance in fixing the period of the term specified in the sentence. This was followed in 1930 by the enactment of the industrial good time statute, § 744h. The privilege was expressly limited, however, by the enactment in 1932 of § 716a, which provides that any prisoner on parole "shall continue on parole until the expiration of the maximum term or terms specified in his sentence without deduction" of allowance for good conduct. Section 716a was enacted subsequent to § 710, to § 716, and also to § 723, relied on by relator, and being in conflict therewith it is controlling. Cf. Bragg v. Huff, supra, 118 F.2d at page 1007.

■ The fact that the warrant was not served until relator's release from the state prison does not aid him. Section 723c, Title 18, U.S.C., 18 U.S.C.A. § 723c, gives the Board of Parole or any member thereof the exclusive authority to issue the warrant. Section 717, Title 18, U.S.C., 18 U.S.C.A. § 717, requires that the warrant for parole violation issue "at any time within the term or terms of the prisoner's sentence." Since under § 716a the good time could not be counted, the relator's maximum sentence did not expire prior to November 8, 1939, and the warrant was issued within the maximum term. The jurisdiction of the Board of Parole was suspended during the time that the relator was serving his sentence in the state prison. Groce v. Hudspeth, 10 Cir., 121 F.2d 800. But the authority of the Board of Parole over the relator continues until the maximum federal sentence is fully served. Zerbst v. Kidwell, supra.

The plea of double jeopardy must also be overruled. The relator is not in custody to answer or to be retried on any previous charge, but to answer the charge of violating the conditions of his release. No second trial on a criminal charge is contemplated. The hearing of the Board of Parole simply disposes of the question whether the order of conditional release shall be revoked, and the original maximum sentence, which has never been fully served, shall be completed.

The foregoing considerations require affirmance of the order of the District Court. It is also to be noted that under Title 18, § 719, the Board of Parole is given jurisdiction upon a charge of violation of a conditional release, after a hearing at which the relator must be given an opportunity to appear, either to revoke the order and terminate the release, or to modify the terms and conditions thereof. The hearing for this purpose has not yet been held. If this court were to issue the writ of habeas corpus it would be ignoring the procedure established by the statute for dealing with cases of violation of conditional release. Cf. Bowers v. Dishong, 5 Cir., 103 F.2d 464; Fox v. Sanford, 5 Cir., 123 F.2d 334; Christianson v. Zerbst, 10 Cir., 89 F.2d 40.

The order of the District Court is affirmed.