**Joseph ORTEGA, Plaintiff-Appellant,**

v.

**Joseph E. RAGEN, Warden, Illinois State Penitentiary, Joliet, Illinois, Defendant-Appellee.**

**No. 11177.**

United States Court of Appeals Seventh Circuit.

Nov. 1, 1954.

**562**

Joseph Ortega, pro se.

William C. Wines, Chicago, Ill., Latham Castle, Atty. Gen. of Illinois, for defendant-appellee.

Before MAJOR, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

Joseph Ortega, plaintiff-appellant, is an inmate in the Illinois State Penitentiary at Joliet, Illinois. He brought an action for damages against Joseph E. Ragen, the warden of the penitentiary, under a section of the Civil Rights Act. 42 U.S.C.A. § 1983. Jurisdiction is granted the district courts in such cases by 28 U.S.C.A. § 1343, without diversity of citizenship or allegation of a jurisdictional amount. Douglas v. City of Jeannette, 319 U.S. 157, 161, 63 S.Ct. 877, 87 L.Ed. 1324; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 706; Glicker v. Michigan Liquor Control Commission, 6 Cir., 160 F.2d 96, 98.

In his complaint plaintiff asserted that Ragen refused to deliver to him a registered letter addressed to him and allegedly containing material necessary to a court action in connection with plaintiff's imprisonment. Ortega claims that the warden's refusal to deliver the letter has kept him from preparing his "defense in the Supreme Court of Illinois to seek relief from unlawful imprisonment."

The District Court granted the defendant's motion to dismiss the complaint. From that order the plaintiff prosecutes this appeal.

The only question before this court is whether or not the complaint states a cause of action under 42 U.S.C.A. § 1983. That section provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

A cause of action arises under this section only when a right created by the Federal Constitution or laws has been violated. Violation of a state law is not sufficient. Iowa-Des Moines Nat. Bank v. Bennett, 284 U.S. 239, 241, 52 S.Ct. 133, 76 L.Ed. 265; Mueller v. Powell, 8 Cir., 203 F.2d 797, 800. Thus, to state a good cause of action in this case the complaint must allege facts showing that by refusing to deliver the letter, the warden deprived plaintiff of a right given him by the Federal Constitution or laws.

This court has been hesitant to interfere with the administration of state penal institutions. United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105; Morris v. Igoe, 7 Cir., 209 F.2d 108. It has been held that withholding a prisoner's mail is purely an administrative matter for the warden to control. Reilly v. Hiatt, D.C., 63 F.Supp. 477; United States ex rel. Mitchell v. Thompson, D.C., 56 F.Supp. 683. Certainly the control of mail going to and from inmates is an important part of administration and maintenance of discipline in a large prison. The mere withholding of a letter from a prisoner is not, of itself, violative of plaintiff's federal rights.

Since, as a prisoner, he has no general federal right to receive mail, the plaintiff must show that the warden's refusal to surrender this particular letter

to him deprived him of some other right that is so protected by federal law. Apparently in an attempt to do this, plaintiff alleged in his complaint that without the contents of this letter he could not continue with a pending action. There are no assertions concerning the nature of the action or the contents of the letter.

■ In the first place, plaintiff must have had a constitutional right to bring the action he speaks of before an act that prevented his bringing it, but was otherwise proper, would be in violation of his constitutional rights. Although we have no way of knowing with certainty from the complaint what the nature of the action is, the complaint does say that it is in the Supreme Court of Illinois and in his brief the plaintiff speaks of it as an "appeal." But it has often been held that denying an appeal to a prisoner convicted in a state court is not a denial of due process. Andrews v. Swartz, 156 U.S. 272, 275, 15 S.Ct. 389, 39 L.Ed. 422; Errington v. Hudspeth, 10 Cir., 110 F.2d 384, 386, 127 A.L.R. 1467, certiorari denied 310 U.S. 638, 60 S.Ct. 1087, 84 L. Ed. 1407; Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732.

■ If appeals are provided for there must be no arbitrary discrimination and if plaintiff could show that he was not allowed to appeal his conviction while others in his position were, he would show deprivation of his right to equal protection. But his complaint does not allege any facts tending to show that he was treated differently than other prisoners. Further, plaintiff expressly says that he bases his complaint on 8 U.S.C.A. § 43 [now 42 U.S.C.A. § 1983] which gives an action only for deprivation of due process and not for denial of equal protection. Collins v. Hardyman, 341 U.S. 651, 660–661, 71 S.Ct. 937, 95 L.Ed. 1253; McShane v. Moldovan, 6 Cir., 172 F.2d 1016, 1018 note 2; Bottone v. Lindsley, 10 Cir.,

170 F.2d 705, 706, certiorari denied 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101.

In the second place plaintiff does not describe the content of the letter other than to say that it is necessary to the court proceeding. Since the alleged unconstitutionality of the warden's act is dependent upon the act's effect on plaintiff's "appeal," his complaint should set forth facts establishing what that effect is instead of merely stating his conclusions as to it.

■ The words of the court in a similar case, McGuire v. Todd, 5 Cir., 198 F. 2d 60, 63, fit this situation very well.

"It is sufficient for us in this case to say: that * * * we disregard, as mere conclusions, the loose and general, the factually unsupported, characterizations of the complained of acts of the defendants, as malicious, conspiratorial, and done for the purpose of depriving plaintiffs of their constitutional rights; that the things defendants are alleged to have done, as distinguished from the conclusions of the pleaders with respect to them, do not constitute a deprivation of the civil rights of plaintiffs, do not give rise to the cause of action claimed; * * *."

■ If everything alleged in the complaint were true, it would not show that the warden had violated any rights guaranteed to plaintiff by the Federal Constitution. Therefore, the complaint does not state a cause of action under 42 U.S.C.A. § 1983, and the lower court was correct in dismissing it.

The complaint being insufficient in this respect, it is unnecessary for us to decide whether or not the warden's action in withholding the letter was done under color of state law.

The judgment of the District Court is affirmed.