337 F.2d 425
 UNITED STATES of America, ex rel. Willmore KNIGHT,
Petitioner-Plaintiff, Appellant,
v.
Joseph E. RAGEN, Director of Public Safety, Frank Pate,
Warden, Ralph Palmer, Convict Captain, Ezekiel
Holmes, Convict Captain and Charles
Hoffman, PrisonDoctor,
Respondents-
Defendants,
Appellees.
 No. 14572.
 United States Court of Appeals Seventh Circuit.
 Sept. 30, 1964.
 
 Willmore Knight, pro se.
 William G. Clark, Atty. Gen. of State of Illinois, Chicago, Ill., Richard A. Michael, A. Zola Groves, Edward A. Berman, Asst. Attys. Gen., of counsel, for appellees.
 Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-plaintiff (petitioner) Willmore Knight, pro se, seeks review of orders of the district court dismissing his petition for writ of habeas corpus, 28 U.S.C.A. 2241, and complaints alleging violations of the Civil Rights Act, 42 U.S.C.A. 1983 and 1985(3). This appeal was submitted on the briefs and record without oral argument.
 
 
 2
 Petitioner is presently incarcerated at the Illinois State Penitentiary, Joliet, Illinois, serving a sentence of ten to thirty years for armed robbery, pursuant to a final judgment of the state courts of Illinois.
 
 
 3
 His petition and complaints allege, in essence, that various Illinois prison officials arbitrarily placed him in an isolation cell in the penitentiary, deprived him of adequate nourishment, comfort and liberty without due process of law and denied him medication and drugs.
 
 
 4
 He seeks an injunction prohibiting these alleged wrongs and $50,000 in damages.
 
 
 5
 The district court granted petitioner leave to proceed in forma pauperis and appointed counsel to represent him.
 
 
 6
 The district court dismissed the petition for writ of habeas corpus for failure to allege that petitioner was in custody in violation of the Constitution or laws or treaties of the United States. The Civil Rights Act complaints were dismissed as being moot, it appearing from evidence introduced at the hearing that petitioner was receiving medical attention.
 
 
 7
 The district court granted petitioner leave to appeal and proceed in forma pauperis. We denied petitioner's motion for appointment of counsel, it appearing to our satisfaction that this appeal was frivolous.
 
 
 8
 We affirm the dismissal by the district court of the petition for writ of habeas corpus. Petitioner failed to obtain a certificate of probable cause, a condition precedent to an appeal from such order. 28 U.S.C.A. 2253. We find no reasonable ground for granting such certificate.
 
 
 9
 Assuming this condition had been satisfied, the injunction sought is not within the scope of relief intended in a habeas corpus proceeding. Roberts v. Pegelow, 4 Cir., 313 F.2d 548, 549 (1963). It is not the function of habeas corpus to direct prison officials in the treatment and care of inmates by mandatory injunction. Ibid. See Application of Hodge, 9 Cir., 262 F.2d 778, 780 (1958).
 
 
 10
 Petitioner's complaint under the Civil Rights Act alleging that prison officials deprived him of liberty in violation of the Constitution and laws of the United States by e.g. arbitrarily placing him in 'isolation' and 'segregation' does not state a cause of action cognizable in federal courts.
 
 
 11
 Except under exceptional circumstances,[1] internal matters in state penitentiaries are the sole concern of the states and federal courts will not inquire concerning them. United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107 (1953); Siegel v. Ragen, 7 Cir., 180 F.2d 785, 788 (1950); Kelly v. Dowd, 7 Cir., 140 F.2d 81, 82 (1944).
 
 
 12
 Deprivation of essential medical care by state prison officials may be an exceptional circumstance which is actionable in federal courts under the Civil Rights Act. Coleman v. Johnston, 7 Cir., 247 F.2d 273 (1957); Blythe v. Ellis, S.D.Tex., 194 F.Supp. 139 (1961).
 
 
 13
 This issue was before the district court in the hearing held below. Our review of the record satisfies us that there is substantial support for its finding adverse to petitioner's contentions. The district court did not err in dismissing these complaints.
 
 
 14
 Finding no error in the proceeding below, the orders appealed from are affirmed.
 
 
 15
 Affirmed.
 
 
 
 [1]
 See Cooper v. Pate, 84 S.Ct. 1733 (1964), where the Supreme Court held that a complaint which alleged petitioner was being denied privileges enjoyed by other inmates due to his religious beliefs (Black Muslim) stated a cause of action under the Civil Rights Act