Edward Blake TAYLOR, Plaintiff,

v.

John C. BURKE, Warden, Wisconsin State
Prison, Defendant.

Misc. No. 102.

United States District Court
E. D. Wisconsin.

Jan. 24, 1968.

Edward Blake Taylor, pro se.

Bronson C. La Follette, Atty. Gen.,
Madison, Wis., for defendant.

ORDER

MYRON L. GORDON, District Judge.

Petitioner, an inmate of the Wisconsin
State Prison, seeks to file this cause of
action in forma pauperis. He alleges
that the respondent has seized certain of
his personal possessions.

The possessions allegedly seized fall
into two categories: the first consists
of articles which are clearly of a person-
al nature, such as a family photograph
album; the second consists of legal pa-
pers (copies of legal documents and cor-
respondence that petitioner claims to
have sent to state and federal courts).
Petitioner has characterized his com-
plaint as one for a writ of prohibition,

but it appears that he actually seeks a return of the articles or reimbursement for the original cost of those articles which are not returned.

Petitioner lists three statutes as a basis upon which this court has jurisdiction. None is applicable. It is the general rule that only in exceptional circumstances will a federal court interfere with matters that involve the internal management of a state prison. United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964). It is clear that this general rule should be followed as applies to the first category of materials allegedly taken from the petitioner.

The second category of confiscated materials, however, presents a closer question. A federal court has jurisdiction under 42 U.S.C. § 1983 to entertain a petition wherein it appears that a state prisoner is unreasonably deprived of a constitutional right to access to the courts. Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir. 1961).

In Roberts v. Pepersack, 256 F. Supp. 415 (D.Md.1966), the petitioner complained that various personal copies of court petitions and court correspondence had been taken from him. The *Roberts* court stated that petitioner had failed to allege that such actions had deprived him of access to the courts, but the court observed that eleven years of receiving petitions from said prisoner established that he had not been deprived of his constitutional rights. With reference to the case at bar, this court has received six petitions from Taylor during the past year; it is obvious that he has not, in fact, been deprived of access to the courts.

Petitioner has not stated a meritorious cause of action. Despite his allegations, it is clear that he has not been deprived of access to the courts. Under the discretion granted this court pursuant to 28 U.S.C. § 1915,

It is ordered that petitioner be and hereby is denied permission to file this action in forma pauperis.