**Governor T. MEDLOCK, Plaintiff,**

v.

**John C. BURKE and R. L. Gray, Defendants.**

No. 66-C-287.

United States District Court
E. D. Wisconsin.

May 23, 1968.

No appearance for plaintiff.
No appearance for defendants.

### DECISION ON MOTION

MYRON L. GORDON, District Judge.

The plaintiff, an inmate of the Wisconsin state prison, has filed this suit pro se and seeks money damages and injunctive relief against officials of the state prison for events alleged to have occurred during the plaintiff's incarceration in that institution. The defendants have moved to dismiss for failure of the complaint to state a cause of action.

The suit is founded upon the following claims: On August 28, 1957, the prison warden (Burke) gave "misleading information" to the plaintiff's attorney regarding a case involving the plaintiff's eligibility for executive clemency; the defendants failed to provide the plaintiff with adequate medical care and forced him to work at jobs beyond his physical capacity; when he complained, he received bad conduct reports which resulted in loss of good time, rendered him ineligible for parole, and deprived him of minimum security status. In addition, he avers that the defendants' actions have caused him to suffer from ulcers; defendants deprived him of the full use of prison mails; defendants "converted" his property to public use; and defendants deprived him of his rights by causing him to be held under an *ex post facto* law, i. e., Wis.Stat. § 53.11 (7).

On March 22, 1968, this court denied by written order, the plaintiff's request for leave to amend the complaint by bringing in an additional defendant and by adding a supplemental ground for relief. That order disposed of the issues concerning the *ex post facto* application of Wis.Stat. § 53.11(7) and the conversion of the plaintiff's property.

### I. GIVING OF MISLEADING INFORMATION

The plaintiff asserts, without further clarification, that the defendant, Burke, misled the plaintiff's attorney in a case involving the plaintiff's eligibility for executive clemency. It is not alleged that the plaintiff was damaged in any way by such conduct; in fact, it appears that the plaintiff was successful in his bid for executive clemency. See Medlock v. Schmidt, 29 Wis. 2d 114, 138 N.W.2d 248 (1965).

### II. INADEQUATE AND DISCRIMINATORY MEDICAL TREATMENT

The complaint recites a long history of back ailments, and further alleges that the defendants had knowledge of the plaintiff's condition; that the defendants failed to provide the plaintiff with a "suitable" back brace and bed board; and that such medical aids were provided to similarly situated inmates of the Cau-

casian race. The plaintiff is a Negro. The defendants answer that the plaintiff received heat, diathermy and pain medication whenever he went to the prison hospital complaining of pain, and that on August 18, 1965, he was furnished a back support at state expense.

■■ In my opinion, the complaint in the case at bar fails to allege such a deprivation of essential medical care as to justify the intervention of a federal court; rather, the complaint attacks the adequacy of medical care, and as such, fails to state a claim cognizable under 42 U.S.C. § 1983. United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964); Coleman v. Johnston, 247 F.2d 273 (7th Cir. 1957).

■ With respect to the allegation that members of the Caucasian race received adequate medical care, the court notes that allegations of this type, if supported by more than mere conclusions, could state a claim under the civil rights act. Dixon v. Duncan, 218 F. Supp. 157 (E.D.Va.1963). Notwithstanding the rule of liberal construction of pro se complaints, the plaintiff has an affirmative duty to allege facts, not conclusions. Roberts v. Barbosa, 227 F. Supp. 20 (S.D.Cal.1964). In the case at bar, the plaintiff has utterly failed to meet his burden.

■ Finally, the complaint alleges that the defendant, Burke, by his conduct, gave the plaintiff ulcers. This allegation may state a claim arising in tort, but the state courts afford an adequate remedy for such alleged tort. No deprivation of a federally protected right is raised by this allegation. United States ex rel. Atterbury v. Ragen, 237 F.2d 953 (7th Cir. 1956).

## III. PRISON WORK ASSIGNMENTS AND LOSS OF RELEASE STATUS

The plaintiff avers that he received bad conduct reports as a result of his refusal to work at assigned jobs on account of his physical inability, and that these reports consequently resulted in a loss of "good-time" and affected his parole and minimum security status. In addition, the plaintiff avers that he was labeled "incorrigible" by the warden for defending himself in a prison fracas, and that this, too, adversely affected his release status.

■ Federal courts, absent extraordinary circumstances, do not interfere with the internal management and discipline of state prisons. United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964). Job assignments and loss of "good-time" are matters peculiarly within the discretion of state prison authorities, and federal courts should not intervene unless there is a deprivation of a constitutional right. In my judgment, the complaint in this regard fails to suggest any such deprivation.

## IV. RESTRICTIONS ON THE USE OF PRISON MAILS

■ The complaint alleges that certain described restrictions were placed on the plaintiff's use of the mails. However, the facts alleged persuade the court that the restrictions were pursuant to rules which prison officials are constitutionally permitted to adopt. Mailing privileges generally fall within the "internal management" principle, and prisoners lawfully incarcerated have no absolute right to use the mails. Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965); United States ex rel. Thompson v. Fay, 197 F.Supp. 855 (S.D.N.Y.1961). The allegation that the defendants have withheld the plaintiff's mail also fails to state a claim under § 1983. Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954).

Since the complaint has failed to allege facts sufficient to state a cause of action, the complaint must be dismissed.

Accordingly, it is ordered that the complaint be and hereby is dismissed.