**Lavern SCOTT, Plaintiff,**

v.

**W. E. LARSON, Defendant.**

**No. 72–C–530.**

United States District Court,
E. D. Wisconsin.

Jan. 23, 1973.

Lavern Scott, pro se.

Robert P. Russell, Milwaukee County Corp. Counsel, by Gerard Paradowski, Asst. Corp. Counsel, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action appears pro se and seeks both injunctive relief and money damages. Jurisdiction is claimed under several provisions of the Constitution as well as 42 U.S.C. §§ 1983 and 1985(3). The latter code section is incorrectly cited by the plaintiff as 42 U.S.C. § 1979(3).

The gravamen of the plaintiff's complaint is that he has been deprived of his right to worship, his right to visitation, and his right to use law books. In addition, the plaintiff claims he is forced "to work without receiving a wage."

The defendant has moved to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief may be granted.

I believe that this court has jurisdiction over the subject matter. Cruz

v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Harris v. Pate, 440 F.2d 315 (7th Cir. 1971). However, the complaint fails to state a claim upon which relief may be granted.

Rule 8(a), Federal Rules of Civil Procedure, requires a plaintiff to set forth a short and plain statement of the claim which entitles him to relief. The instant complaint contains only the bald conclusions that the defendant and others denied the plaintiff his rights. Nowhere in the complaint is there a statement of any facts which might support these conclusions.

■■■ There is nothing in the complaint to illustrate the circumstances of the alleged wrongs. This claim is nothing more than the plaintiff's conclusion, unsupported by any factual statement and is not admitted by a motion to dismiss. See Hess v. Petrillo, 259 F.2d 735, 736 (7th Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 761 (1959); Borchlewicz v. Partipilo, 44 F.R.D. 540, 542 (E.D.Wis.1968). As was stated in Friedman v. Younger, 46 F.R.D. 444, 446 (C.D.Cal.1969):

> "It is well established that in an action for damages against public officials under the Civil Rights Act, the plaintiff must allege highly specific facts to defeat a Motion to Dismiss. Agnew v. City of Compton, (CA Cal. 1956) 239 F.2d 226, cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910."

In Metcalf v. Ogilvie, 436 F.2d 361, 363 (7th Cir. 1970), the court said:

> "In order to state a cause of action under the Federal Civil Rights Act a complaint must set forth more than bare unsupported conclusionary allegations in support of constitutional deprivation. Ortega v. Ragen, 7 Cir., 216 F.2d 561, 563 (1954). In liberally construing a *pro se* pleading, as we do here, we conclude the district court was correct in finding that the complaint failed to state a cause of action. In

so failing, plaintiff failed to present a substantial constitutional question."

See also French v. Corrigan, 432 F.2d 1211 (7th Cir. 1970), cert. denied 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814 (1971); Medlock v. Burke, 285 F.Supp. 67 (E.D.Wis.1968).

Therefore, it is ordered that the complaint and this action be and hereby are dismissed.