Robert E. CARLISLE et al., Plaintiffs,

v.

Peter B. BENSINGER, Director of the Illinois Department of Corrections, Defendant.

No. 72 C 3099.

United States District Court,
N. D. Illinois, E. D.

Feb. 22, 1973.

Robert E. Carlisle, and others pro se.

William J. Scott, Atty. Gen. for the State of Illinois, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This action is brought by certain prisoners who are inmates of the Illinois State Penitentiary, Joliet Branch. These prisoners are presently confined to the segregation unit of the Joliet Branch, formerly known as the Special Program Unit. Plaintiffs invoke the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1343. The prayer seeks declaratory and injunctive relief under 42 U.S.C. § 1983. No monetary damages are sought. Plaintiffs seek to represent all other prisoners similarly incarcerated in the segregation unit and request leave to maintain their cause as a class action. This cause comes upon the defendants' motion to deny leave to proceed with the class action and motion to dismiss or for summary judgment with supporting affidavit.

In essence, the complaint makes the following allegations:

(a) that the conditions existing within the segregation unit constitute cruel and unusual punishment;

(b) that a construction project near the segregation unit is subjecting the inmates to noxious air pollution in violation of the Illinois Environmental Control Act;

(c) that the construction project is subjecting the inmates to excessive noise pollution in violation of the Illinois Environmental Control Act;

(d) that the plumbing in the segregation unit is in violation of the Illinois Plumbing Code;

(e) that officials delay over 72 hours before giving the inmates a hearing after a disciplinary ticket is written, violating rules of the Department of Corrections;

(f) that evaluation of disciplinary reports at parole hearings places the inmates in double jeopardy in violation of their constitutional rights;

(g) that prison officials refuse to inventory an inmate's personal property

prior to placing him in segregation, thereby exposing him to the loss of his property by theft;

(h) that prison officials practice discrimination by allowing some inmates to take their personal property into segregation, but denying that privilege to others;

(i) that the inmates have been subjected to brutality and assaults by prison personnel, and officials have refused to investigate these incidents;

(j) that prison officials discriminate against the inmates because of their class of citizenship and their past prison records; and

(k) that confinement to segregation unconstitutionally deprives plaintiffs of the opportunity of earning statutory "good time."

The Court agrees with the reasoning of the defendant that the complaint should be dismissed for failure to state a cause of action on which relief can be granted. An examination of each allegation of the plaintiffs reveals that the complaint cannot withstand such a motion to dismiss.

I. Plaintiffs contend that the conditions existing in the segregation unit of the Joliet Branch of the State Penitentiary constitute cruel and unusual punishment. Specifically, they allege that:

(1) they are provided with inadequate lighting which causes injuries to the eyesight of the inmates;

(2) they are confined to their cells 24 hours a day and are deprived of proper exercise;

(3) they are subjected to noxious air and noise pollution due to the activities of the construction workers nearby;

(4) they are forced to sleep on a 2½" deep mattress placed on the floor;

(5) their bedding is moldy, damp, and foul smelling;

(6) their meals are placed on the floor when served;

(7) they must sleep and eat near sewers which emit noxious odors;

(8) their cells are bug-infested;

(9) they are deprived of proper sanitation equipment in that they are only allowed a floor rag to mop the cells;

(10) they are deprived of proper nutrition;

(11) their medical care is neglected;

(12) defendant has failed to establish any type of rehabilitative programs for their benefit while in segregation; and

(13) many of the inmates of the unit have been confined to the segregation unit over one year.

It is clearly established that segregated or solitary confinement does not in itself constitute cruel and unusual punishment, and reasonable discomforts incident to such confinement cannot be viewed as a basis for judicial relief. Adams v. Pate, 445 F.2d 105 (7th Cir. 1971). Only when the conditions of confinement are found to be "barbarous," In re Kemmler, 136 U.S. 436, 447, 10 S. Ct. 930, 34 L.Ed. 519 (1890), or "shocking to the conscience," Church v. Hegstrom, 416 F.2d 449, 451 (2nd Cir. 1969) is there a violation of the cruel and unusual punishment clause.

In Armstrong v. Bensinger, No. 71 C 2144 (June 13, 1972), this Court specifically found that the conditions existing in the segregation unit at the Joliet Branch did not amount to cruel and unusual punishment. In reaching that conclusion, the Court made the following findings of fact:

(1) some of the cells have been enclosed in wire mesh solely because inmates threw objects out of these cells;

(2) there have been attempts to give inmates weekly showers and exercise, but such attempts are often thwarted by the conduct of the inmates themselves;

(3) the inmates usually receive three meals per day, the exceptions occurring when there is immediate risk of injury to the servers;

(4) garbage is collected after every meal except when this is prevented by inmates' conduct;

(5) the cellhouse is sprayed each week as a precaution against insects;

(6) a doctor visits the Unit regularly and other medical assistance is available;

(7) medicine is distributed daily unless the guard cannot do so safely; and

(8) there is a weekly laundry service.

◼◼ II. Also, the plaintiffs generally attack the conditions in the segregation unit as being violative of the Illinois Environmental Control Act and the Illinois Plumbing Code. It is well settled that a cause of action arises under 42 U.S.C. § 1983 only when a right created by the Federal Constitution or laws has been violated. Violation of state law is not sufficient to state a cause of action. Ortega v. Ragen, 216 F.2d 561 (7 Cir., 1954).

◼ III. Although the Administrative Regulations of the State of Illinois Department of Corrections provide for a hearing within 72 hours after a disciplinary ticket is written, the Constitutional requirements of procedural due process do not impose such a 72 hour rule. See Adams v. Pate, 445 F.2d 105 (7 Cir., 1971). Consequently, the averment that the defendant has violated the Administrative Regulations fails to state a cause of action under the Civil Rights Act. Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963).

◼ IV. Plaintiffs allege that the evaluation of disciplinary reports at parole hearings places the inmates in double jeopardy. This is clearly unfounded. The hearing of the Board of Parole is a means of determining whether an offender is ready to re-enter free society and is not a re-hearing to decide whether the prisoner has been guilty of misconduct within the prison. Federal courts have consistently held that this type of hearing does not place a person in double jeopardy. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States ex rel. Jacobs v. Barc, 141 F.2d 480 (6th Cir. 1944), cert. denied, 322 U.S. 751, 64 S.

Ct. 1262, 88 L.Ed. 1581. Consideration by a parole board of previous offenses, including disciplinary violations, does not constitute double jeopardy. This allegation fails to state a federal question.

◼ V. The plaintiffs next contend that the prison officials fail to inventory an inmate's personal property before placing him in segregation. It is well established in this Circuit that internal matters of a correctional system, such as administration and discipline, are the sole concern of the states. For this reason, federal courts have been extremely hesitant to examine prison regulations. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); United States ex. rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. denied, 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277. The challenged procedure is merely an administrative matter and fails to state a cause of action § 1983. *Id.*

◼ VI. The plaintiffs allege that prison officials discriminate by allowing some inmates to take their personal property into segregation, that some prisoners have been subjected to assaults by prison personnel, that prison officials discriminate against the inmates because of their past prison records. Plaintiffs fail to present any factual support for these allegations. The federal courts have held that a plaintiff must present particularized facts showing a constitutional deprivation in order to support a cause of action under the Civil Rights Act. Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954), cert. denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268; Kauffman v. Moss, 420 F.2d 1270 (3rd Cir. 1970); Powell v. Workman's Compensation Board, 327 F.2d 131 (2nd Cir. 1964). The plaintiffs have set forth a vague, conclusory statement which will not stand the test of a motion to dismiss.

◼◼ VII. Finally, plaintiffs contend that confinement to segregation unconstitutionally deprives plaintiffs of the opportunity to earn statutory good

time. According to Prison Regulation 813, this loss of good time is imposed separately from commitment to segregation, and the decision can only be made by the Director of the Department of Corrections. As a general rule, the grant or denial of good time allowance is discretionary with the Director, and its allowance is a matter of grace rather than a right. Douglas v. Sigler, 386 F. 2d 684 (8th Cir. 1967). The action of a prison director in diminuting a prisoner's good time has been held to raise no constitutional question. The prisoner is not entitled to recover from the warden under the Civil Rights Act. *Id.*; Medlock v. Burke, 285 F.Supp. 67 (E.D. Wis.1968). Allegation 14 states no cause of action under § 1983.

Since the instant complaint fails to state a cause of action, the issue of whether the plaintiffs may proceed with a class action is moot.

For the foregoing reasons, the motion of the defendant to dismiss the instant complaint is granted.