**Thomas P. NELSON, Plaintiff,**

v.

**Sheriff John BISHOP et al.,
Defendants.**

**Civ. A. No. 3062.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 25, 1974.

No appearance for plaintiff.

Ernest F. Smith, Edwin L. Treadway, S. Morris Hadden, Kingsport, Tenn., for defendants.

### MEMORANDUM OPINION

NEESE, District Judge.

The plaintiff Mr. Nelson was a prisoner in the Sullivan County, Tennessee jail in the period, March 13–27, 1973. During this period the defendant Mr. John H. Bishop, Sr., as sheriff of such county, was in charge of the prisoners therein; the defendant Captain Clyde R. Baldwin, a deputy sheriff, was supervi-

sor of such institution; and both were acting under color of Tennessee law.

Mr. Nelson prepared an unsealed letter to Mr. Chuck Johnson, enclosing $5 in currency, on March 15, 1973. He prepared respective unsealed letters on March 19, 1973 to his wife, Mrs. Thomas P. Nelson, to his parents, Mr. and Mrs. Paul Nelson, and to his sister and brother-in-law, Mr. and Mrs. Richard Chapman. Mr. Nelson testified he gave each of these letters to the defendant Capt. Baldwin on those respective dates and that he is informed that none reached the respective addressee(s).

Capt. Baldwin testified that he was off-duty on March 15, 1973,* and that Mr. Nelson gave him no letter on that day and at no time gave him an unsealed letter containing currency. He testified that he might have been handed letters by Mr. Nelson on March 19, 1973, but, if so, he placed them in the container for outgoing mail, although he had no independent recollection of this matter. Mr. Bishop testified that Mr. Nelson had at no time given him any letter of any type to mail.

The secretary-matron of the county sheriff's department testified that incoming and outgoing mail is reviewed by Capt. Baldwin and other jailers for security purposes, and that she has the responsibility of distributing incoming mail and sending outgoing mail from the jail to the county purchasing department, whence all county mail is dispatched. Under the rules and regulations of such jail, it is provided, *inter alia*:

 \* \* \* \* \* \*

2. All prisoners will be allowed to write or receive reasonable amounts of mail. However, all in-coming and out-going mail to and of prisoners will be opened, inspected and censored except that from or to attorneys, courts and/or proper agencies.

Any communications of articles in prisoners [sic] mail that relates [sic] to threats, witness intimidation or means of escape will be omitted.

All mail received by prisoners will be destroyed or transferred out of the cell to prisoners [sic] property bag within 24 hours of receipt of same.

 Although the latter paragraph is hardly a model of clarity, the Court concludes that the rules and regulations adopted by the institution are reasonable. The control of mail to and from prison inmates is an essential adjunct of prison administration and maintenance of order within the prison. McCloskey v. State of Maryland, C.A.4th (1964), 337 F.2d 72, 74 [4], citing Ortega v. Ragen, C.A.7th (1954), 216 F.2d 561, 562 [4]. Thus, there was no deprivation of any of the plaintiff's federal constitutional rights by the censoring of his mail without his consent, as he claims.

 The plaintiff claims further that the defendants violated his federal constitutional rights, by obstructing or retarding the passage of mail. 18 U.S.C. § 1701. Although the plaintiff testified that he gave letters to the defendant Captain Baldwin which never reached their destination, there was no evidence of any violation by Captain Baldwin of such statute.

Trial was to the Court on April 4, 1974. The Court finds that the plaintiff Mr. Nelson has not carried his burden of proving that either defendant herein violated his federally-protected civil rights and concludes that such plaintiff hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure.

---

\* That Capt. Baldwin was off-duty on that day is corroborated by the daily attendance records of the sheriff's department of such county.