**J. T. ROACH, Appellant,**

v.

**BOARD OF PARDONS AND PAROLES,
STATE OF ARKANSAS, et al.,
Appellees.**

No. 74–1329.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Oct. 16, 1974.

J. T. Roach, pro se.

Jim Guy Tucker, Atty. Gen., and James W. Atkins, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before VOGEL, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

On April 15, 1974, appellant sought injunctive relief under 42 U.S.C. § 1983 from denial of parole by the Board of Pardons and Paroles. On the same day, the United States District Court for the Eastern District of Arkansas dismissed the petition as frivolous, pursuant to 28 U.S.C. § 1915(d). Appeal was taken by appellant from such dismissal.

The record indicates that appellant was denied parole because of the nature and seriousness of the offense for which he was incarcerated, and because of his prior criminal record. Appellant contends that consideration by the parole board of his prior criminal record in determining his eligibility for parole was a violation of his constitutional rights.

Appellant argues that he has been deprived of liberty without due process of law based upon the following rationale:

(1) Denial of parole is an increase in the length of a prison sentence;

(2) An increase in sentence may be imposed only by a court of competent jurisdiction;

(3) Therefore, parole may be denied only by a court of competent jurisdiction.

In other words, denial of parole by an agency other than a court is a denial of due process of law. U.S.Const. amend. XIV.

Also, appellant argues that to base denial of parole on prior criminal record is to impose additional punishment for his prior offense(s) in violation of his constitutional right against double jeopardy. U.S.Const. amend. V.

■■ Appellant's conclusions in each instance are based upon the erroneous premise that denial of parole is an increase in the sentence. In fact, parole is a supervised release from incarceration *prior* to the termination of sentence. Conversely, the denial of parole has the effect of perpetuating the status quo, i. e., continued incarceration during the term of sentence. Therefore, such denial does not give rise to multiple punishment for the same offense. United States ex rel. Jacobs v. Barc, 141 F.2d 480 (6th Cir. 1944), cert. denied, 322 U. S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581; Carlisle v. Bensinger, 355 F.Supp. 1359, 1362 (D.C.Ill.1973).

■■ A parole board is an independent statutory agency delegated broad discretionary powers in parole eligibility determinations. In making such determinations, the parole board may properly consider the length and seriousness of an inmate's prior criminal record.

■ Prior criminal convictions are one of many factors a parole board should consider in its review to determine whether a prospective parolee will remain at liberty without violating the law, and whether such release will be compatible with the welfare of society. *See* Scarpa v. United States Board of Parole, 477 F.2d 278, 280–281 (5th Cir. 1973), vacated and remanded for consideration of mootness, 414 U.S. 809, 94 S. Ct. 79, 38 L.Ed.2d 44; Riley v. Perini, 422 F.2d 397 (6th Cir. 1970); Jones v.

Salisbury, 422 F.2d 1326 (6th Cir. 1970).

We find no error in the conclusion of the District Court. Accordingly, this case is affirmed.