Carroll Lee WYATT,
Petitioner-Appellant,

v.

UNITED STATES PAROLE COMMIS-
SION, Respondent-Appellee.

No. 77–2397.

United States Court of Appeals,
Ninth Circuit.

Nov. 30, 1977.
Rehearing Denied Jan. 20, 1978.

Carroll Lee Wyatt, pro se.

Harry J. McCarthy, Asst. U. S. Atty., Seattle, Wash., for respondent-appellee.

Before ELY, WRIGHT and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Wyatt appeals from the district court's judgment denying two petitions for writs of habeas corpus. Upon the respondent's motion, the court had consolidated the petitions for purposes of consideration. We affirm in part, and vacate and remand in part.

In June 1966, the United States District Court for the Eastern District of Pennsylvania sentenced Wyatt to two concurrent ten-year terms relating to a conviction for bank robbery (18 U.S.C. § 2113(a)). In April 1972, Wyatt left prison on mandatory release supervision (18 U.S.C. §§ 4163 and 4164).

While under such supervision, Wyatt was sentenced in the United States District Court for the Northern District of Mississippi to a two-year and a three-year term (to run consecutively) for convictions involving breaking and entering a United States Post Office and theft of public property (18 U.S.C. §§ 2, 641, and 2115). Because of these convictions, a mandatory release violator's warrant was issued against Wyatt in July 1974, and was lodged as a detainer with prison officials in November 1974, when Wyatt began service of the Mississippi sentences. The warrant was therefore left unexecuted. The affidavit of a Parole Commission hearing examiner for the Western Region states that the Parole Commission was not officially notified of the placement of this detainer until December 1, 1975. Wyatt disputes this statement, alleging that the Commission knew of the placement long before that date.

On December 9, 1975, a hearing was held in Wyatt's case, presumably to determine his parole eligibility on the Mississippi sentences. Ultimately, it was felt that Wyatt's past criminal record and his convictions for crimes while under mandatory release supervision precluded parole. Wyatt's hearing was therefore continued until expiration of his Mississippi sentences. Further, on December 23, 1975, it was ordered that the detainer be left standing (i. e., unexecuted). The affidavit noted above states that the detainer was considered at the December 9 hearing. Again, Wyatt disputes this statement.

Wyatt then filed the habeas corpus petitions in question here.

■ Wyatt first claims on this appeal that the consolidation of his petitions was improper. We disagree. Although each petition raises different issues, each issue was considered in the district court. Wyatt was not prejudiced by the consolidation, and we will not elevate form over substance.

■ Wyatt next claims that the detainer was not reviewed in accordance with 18 U.S.C. § 4214(b)(1) despite the hearing examiner's statement that it was reviewed on December 9, 1975. This subsection requires that the Parole Commission review a parole revocation warrant, placed as a detainer, within 180 days of its placement. It also requires, among other things, notice of the review to the parolee and an opportunity for the parolee to submit a written application regarding disposition of the detainer. However, 18 U.S.C. § 4214(b)(1) was enacted as part of the Parole Commission and Reorganization Act, which did not become effective until May 16, 1976. Therefore, Wyatt's reliance on 18 U.S.C. § 4214(b)(1) is misplaced because, in December 1975, the Board of Parole (now the Parole Commission) could not act in conformity with a statute which did not yet exist. Rather, the parole authorities were required to act in accordance with the law then effective, namely 18 U.S.C. §§ 4205 and 4207, and 28 C.F.R. § 2.53 (1975). The former law does not contain the 180-day period of present 18 U.S.C. § 4214(b)(1). Therefore, this time limitation on when review of a detainer should occur does not apply to this case.

■ Still, there is some question whether there was a review of Wyatt's detainer under former law before the order letting it stand was issued. In this respect, we note that 28 C.F.R. § 2.53 (1975) lays out a procedure for review which was applicable in December 1975 and before. The variety of important consequences flowing from such a properly conducted review are well

described in *Moody v. Daggett*, 429 U.S. 78, 82–84, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).[1]

Under 28 C.F.R. § 2.53 (1975), a prisoner had to be advised that he could communicate with the Board of Parole about disposition of the detainer. The Board could then, at its discretion, direct that a hearing be held. The prisoner was to receive timely notice of the hearing, be given the opportunity to call witnesses, and be represented by counsel of his choice.

While it is clear that Wyatt had knowledge of the detainer against him, it is not clear that he was advised of his right to communicate with the Board. In fact, the affidavit of the hearing examiner referred to above indicates that the Board had no notification of placement of the detainer until December 1, 1975, a little more than a week before Wyatt's parole hearing. Further, while there is indication in the record that the existence of the detainer was noted at Wyatt's parole hearing, there is no indication that it was reviewed with its disposition in mind. In any event, it appears that the purpose of the hearing of December 9, 1975, was solely to consider Wyatt's parole eligibility and not to review the detainer. Thus, we do not know the basis for the order letting the detainer stand. As far as the record shows, that order was issued by the Board without Wyatt's having been able to comment on the detainer as required by 28 C.F.R. § 2.53 (1975) and without review of the detainer at the December 9th hearing as respondent claims.

Under the circumstances, we vacate and remand this aspect of Wyatt's case to the district court for further development of the facts. If Wyatt was not advised of his opportunity to communicate with the Board of Parole, or if, contrary to respondent's contention, the detainer was not reviewed at the hearing of December 9, 1975, we think it appropriate that a hearing be held

for parole authorities to consider the detainer.

■ Finally, Wyatt claims that in deciding whether to grant him parole on the Mississippi sentences, the authorities improperly treated his prior criminal record and the fact that he was unmarried. Wyatt explicitly concedes that his prior record and marital status are proper subjects for consideration in the parole decision process. But, he maintains that incorporation of his prior record into the salient factor scores and guidelines devised by parole authorities (28 C.F.R. § 2.20) constitutes double jeopardy in violation of the fifth amendment. We disagree.

One of the parole authority's aims is to determine whether release on parole is compatible with society's welfare. *See* former 18 U.S.C. § 4203 and present 18 U.S.C. § 4206(a)(2). In making this decision, knowledge of the prisoner's history, including any prior conviction, is necessary. Denial of parole on the basis of prior criminal record does not involve imposition of multiple punishment for the same offense. *Roach v. Board of Pardons & Paroles*, 503 F.2d 1367, 1368 (8th Cir. 1974); *Jones v. Salisbury*, 422 F.2d 1326, 1327 (6th Cir.), *cert. denied*, 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 69 (1970).

Further, the actual decision to deny parole did not include Wyatt's marital status as a factor, but was based on his prior criminal record and his conviction for federal offenses committed while he was on parole.

■ Under former 18 U.S.C. § 4203 (*see also* present 18 U.S.C. § 4206), the decision to grant or deny parole was within the Board of Parole's discretion. We cannot say that, in this case, the decision denying Wyatt's parole reflects an abuse of discretion.

1. We are not presented the issue considered in *Moody, supra,* whether due process requires a prompt parole revocation hearing upon a violator's warrant when the parolee is serving a sentence for a crime committed while on parole. Rather, we are concerned with the manner in which the initial decision on how to handle the detainer was made. Wyatt does not directly challenge the disposition of his detainer, but challenges the methods by which this disposition was reached and thereby raises the question whether the disposition could have been different.

AFFIRMED in part; VACATED and REMANDED in part.