**William Clifton LEWIS, Plaintiff,**

v.

**Thomas R. ISRAEL, Defendant.**

**No. 80–C–742.**

United States District Court,
E. D. Wisconsin.

Dec. 22, 1981.

William C. Lewis pro se.

Bronson C. LaFollette, Wis. Atty. Gen. by George B. Schwahn, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff is a prisoner at the Wisconsin correctional institution at Waupun who brings this action under 42 U.S.C. § 1983. He alleges that he "was placed in Adjustment Segregation status for a period of two (2) days and given one-hundred and twenty (120) days in Program Segregation Status" because he allegedly threatened a correctional officer with a lawsuit. Complaint, ¶¶ 4–5. He contends that an additional punishment was the withholding of his "electrical entertainment units (TV, radio and tape-player) ... for a period of thirty-five (35) days because of his confinement in Adjustment and/or Program Segregation Status." Complaint, ¶ 6. The plaintiff contends that the seizure of the entertainment equipment violated his constitutional rights under the fourth, fifth, and fourteenth amendments. He seeks a variety of equitable relief.

The plaintiff and the defendant bring cross motions for summary judgment. The plaintiff contends that the seizure of his electrical equipment was a confiscation of private property without due process of law and a taking of private property for a government purpose without adequate compensation. He states that there are no disputes of any material facts and that the defendant has not produced any administrative, judicial, or legislative authorization for this type of seizure. The plaintiff also brings a motion for sanctions "for failure to make discovery."

The defendant in his motion for summary judgment contends the plaintiff's property was seized pursuant to an institutional rule that is reasonable. Thus the actions of the defendants were within their authority and there was no violation of the plaintiff's constitutional rights.

The defendant has filed two affidavits that set forth the basic facts surrounding this lawsuit. The plaintiff has filed nothing that controverts these affidavits. Darold Strege avers that he is the registrar of the prison and as such the keeper of a variety of records of the institution. Attached to his affidavit are several documents relevant to this case. Mr. Strege avers that they "are true and correct copies of the documents on file" in his office. Strege affidavit, ¶ 3. In addition, Jacquelyn Bunnell, program assistant of the state Bureau of Adult Institutions, avers that the copies of certain pages of the Manual of Resident Status, Rules and Regulations attached to her affidavit are true and correct copies of the original Manual on file in her office.

Attached to the Strege affidavit is a conduct report for Mr. Lewis. It states that he was charged with violating Rule 2.03, entitled "Threats." The reporting corrections officer states that at 1:42 P.M., August 5, 1980, Mr. Lewis made certain remarks to him after he had terminated a visit to Mr. Lewis from another inmate after the allotted one hour period. The report also states that a copy was given to Mr. Lewis at 8:00 A.M., August 6, 1980. The conduct report includes Mr. Lewis' statement that he did not threaten the officer, as well as the finding that Mr. Lewis was guilty, the reasons for that finding, and the punishment imposed.

Two different "Notices of Alleged Misconduct" are also attached to the Strege affidavit. The second attached notice informs Mr. Lewis of (1) the penalties he faced for the charge, (2) his right to waive a

formal hearing and the procedures that would be followed if he waived a formal hearing, and (3) his right to a formal hearing and the procedures that would be followed. The first notice contains Mr. Lewis' waiver of a formal hearing on the misconduct charge. It is signed by Mr. Lewis, dated, and witnessed.

Rule 2.03, Threats, reads: "Residents shall not in any way or for any purpose threaten any staff member, resident or their person." Bunnell affidavit, attachment. Several sanctions are possible for violations of this rule, including those received by Mr. Lewis, adjustment segregation and program segregation. Program segregation includes a limitation on privileges.

"Residents in [program segregation] shall be granted such privileges as, in the opinion of the security director, are most conducive to assisting them in adjusting their conduct so that they can return to the general population. Such privileges may include, but are not limited to, correspondence, visitation, radio, TV, exercise and reading materials." *Id.*

As the above passage states, the security director possesses the discretion to limit the privileges of inmates in program segregation, including their use of electrical entertainment equipment. In an inter-office memo dated January 26, 1979, the assistant superintendent-security of the prison wrote:.

"Effective February 1, 1979, all residents who enter punishment status, i.e., Adjustment or Program, will not be eligible to receive their electronic personal entertainment units (television, radio, cassette player, stereo receiver) for the first thirty-five (35) days of their confinement...." Strege affidavit, attachment.

This memo was widely circulated in the prison, and a copy was sent to the prison newspaper. Mr. Lewis lost the use of his equipment because of this sanction.

■ In assessing Mr. Lewis' claim that he was deprived of his property without due process of law, it is important to note that this court does not sit in review of the correctness of the prison's disciplinary decisions. In other words, Mr. Lewis contends that he did not threaten the officer, but that disputed issue is not material to this action. He was found guilty of the charge by the prison officials, and that finding triggered certain sanctions. Mr. Lewis can only prevail on his claim if the procedures used to arrive at that sanction do not comport with due process.

■ Whether the particular procedures used are authorized by state law is also not material to this action. It is well-settled that a violation of a state statute does not in and of itself establish a constitutional violation. *Snowden v. Hughes,* 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944); *Ortega v. Ragen,* 216 F.2d 561, 562 (7th Cir. 1954). The test is whether the procedures used comply with the constitutional requirements of due process.

Prison inmates may not be deprived of property without due process of law. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). However, prison disciplinary proceedings must be assessed in light of the institutional setting, and the full panoply of due process rights does not apply to such proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974); *cf. Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972).

■ I find that as a matter of law the procedures discussed above are sufficient to pass constitutional muster; Mr. Lewis was not deprived of his property without due process of law. Mr. Lewis was given written notice of the charges against him. He had the right to a formal hearing, but he waived that right, as was his privilege. At the informal hearing, he was given the opportunity to defend himself against the charges, a right that he used. The finding of guilty is in writing, with a brief statement of the reasons for the finding. Mr. Lewis also had the right to appeal this decision to the warden of the prison. The

Constitution does not require more. *See Wolff, supra*, 418 U.S. at 558–72, 94 S.Ct. at 2975–82. Accordingly, I will grant the defendant's motion for summary judgment and deny Mr. Lewis' motion for summary judgment. Mr. Lewis' motion for sanctions will be dismissed as moot.

Therefore, IT IS ORDERED that Mr. Lewis' motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that Mr. Lewis' motion for sanctions be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.