Terry Lenn CLAWITTER *v.* A.L. LOCKHART, Director, Arkansas Department of Correction, and ARKANSAS DEPARTMENT OF CORRECTION

CR 85-11                                    689 S.W.2d 558

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*Bennie O'Neil,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant Terry Len Clawitter, who was sentenced as a habitual offender to a term of imprisonment in the Arkansas Department of Correction, was determined by the Department to be ineligible for parole under Act 93 of 1977, Ark. Stat. Ann. § 43-2828, 43-2829 (Repl. 1977/Supp. 1983), until he served three-fourths of his sentence with credit for good time.

Appellant challenged the Department's determination regarding his parole eligibility in a petition for writ of mandamus in which he asked the trial court to enter a declaratory judgment ordering the Department not to compute his parole eligibility in accordance with Act 93. He contended that Act 93 violates Ark. Stat. Ann. § 41-105 (Repl. 1977) and the constitutional provision against double jeopardy. Appellant did not question the validity of the sentences imposed upon him. The trial court denied the petition and appellant brings this appeal.

Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Appellant was notified of his right to file a *pro se* brief within 30 days. *See* Rules of the Supreme Court, Rule 11(h), Ark. Stat. Ann. Vol. 3A (Supp. 1983). He did not file a brief. The State concurs that the appeal has no merit.

■ Ark. Stat. Ann. § 41-105 (Repl. 1977), which prescribes the method of prosecution when conduct constitutes more than one offense, embodies protections against double jeopardy found in the Fifth Amendment to the United States Constitution and Article II, Section VIII of the Arkansas Constitution. Appellant argued that § 41-105 was violated on the ground that Act 93 imposed another punishment beyond that imposed by the trial court. Denial of parole, however, is not a new punishment. As the court said in *Roach* v. *Board of Pardons & Paroles, State of Arkansas*, 503 F.2d 1367, 1368 (8th Cir. 1974):

> . . . parole is a supervised release from incarceration prior to the termination of sentence. Conversely, the denial of parole has the effect of perpetuating the status quo, i.e., continued incarceration during the term of sentence. Therefore, such denial does not give rise to multiple punishment for the same offense. *United States ex rel. Jacobs* v. *Barc*, 141 F.2d 480 (6th Cir. 1944), *cert. denied*, 322 U.S. 751, 64 S. Ct. 1262, 88 L.Ed. 1581; *Carlisle* v. *Besinger*, 355 F. Supp. 1359, 1363 (D.C. Ill. 1973).

Appellant was not placed in double jeopardy by the application of Act 93 to his sentence.

From a review of the record and briefs before this Court, we find the appeal to be without merit. Accordingly, counsel's

motion to be relieved is granted and the judgment is affirmed.

Affirmed.