Susan **BRADLEY** et al., Plaintiffs,

v.

David **CLEGG** et al., Defendants.

No. 74–C–375.

United States District Court,
E. D. Wisconsin.

Nov. 7, 1975.

Thomas W. St. John, Samson, Friebert, Finerty & Burns, Milwaukee, Wis., for plaintiffs.

John G. Wylie, Patterson, Jensen, Wylie & Silton, Appleton, Wis., for John Does.

Herrling, Clark & Hartzheim, Don R. Herrling, Appleton, Wis., for Spice.

Jack D. Walker, Melli, Shiels, Walker & Pease, Madison, Wis., for Weihing.

Lathrop & Braithwaite, David R. Braithwaite, Hortonville, Wis., for Jones.

William J. Schuh, Corp. Counsel, Appleton, Wis., for Sheriff.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendants in the above action have filed motions pursuant to Rule 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, to dismiss the plaintiffs' amended complaint for lack of subject matter jurisdiction and to dismiss the amended complaint and individual causes of action thereof for failure to state a claim upon which relief can be granted. I hold that the motions to dismiss the amended complaint for lack of jurisdiction over the subject matter, to dismiss the second cause of action for failure to state a claim, and to dismiss the amended complaint against the defendants Weihing and Jones for failure to state a claim against them should be

denied, and that the motions to dismiss the first and third causes of action for failure to state a claim and to dismiss the amended complaint against the defendant Kluge for insufficiency of service of process should be granted.

## MOTIONS TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER

Each of the defendants has moved to dismiss the amended complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, on the ground that the court lacks jurisdiction over the subject matter. Resolution of these motions depends on the characterization to be applied to events constituting the gravamen of the plaintiffs' amended complaint. The defendants contend that the action arises out of a municipal labor dispute which is within the exclusive jurisdiction of the Wisconsin courts.

Congress has declined to extend federal jurisdiction to labor disputes involving state governments or subdivisions thereof. Sections 2(2) and (3) of the National Labor Relations Act, as amended, 29 U.S.C. § 152. In such a situation, regulation of labor disputes is left to the state. *Int'l. Union, UAW v. WERB*, 336 U.S. 245, 69 S.Ct. 516, 93 L.Ed. 651 (1949).

While a labor dispute does provide the background to this action, this action does not involve the resolution of a labor dispute or participation of this court in labor relations between the parties to the dispute. Rather, the plaintiffs have complained of violations of their civil rights as a result of assaults which allegedly occurred while they engaged in picketing related to the labor dispute.

The defendants also argue that no protected rights of the plaintiffs were violated, since the picketing was part of an illegal strike, and therefore itself illegal. It is true that picketing, like other types of conduct, is not pure speech and can be limited under certain circumstances in appropriate fashions.

*Teamsters v. Vogt, Inc.*, 354 U.S. 284, 77 S.Ct. 1166, 1 L.Ed.2d 1347 (1957). However, *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940), has never been reversed, and picketing is still considered to be "expression" protected by the first amendment. The picketing engaged in by the plaintiffs, as distinguished from the strike, was not proscribed by state law, and the plaintiffs have not challenged the limitations placed on the picketing by a state injunctive decree.

Accordingly, the defendants' motions to dismiss the amended complaint for lack of subject matter jurisdiction will be denied.

## MOTIONS TO DISMISS THE FIRST CAUSE OF ACTION

Each of the defendants has moved to dismiss the first cause of action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that it fails to state a claim upon which relief can be granted. The defendants argue specifically that the plaintiffs' allegations of conspiracy are conclusory and insufficient to maintain an action under 42 U.S.C. § 1985(3), that the plaintiffs have failed to plead state action, that the plaintiffs have failed to assert any rights which are protected against conspiracies under § 1985(3), and that the plaintiffs have failed to allege the requisite discriminatory intent. I hold that the defendants' motions should be granted.

While somewhat generalized, the plaintiffs' allegations of conspiracy cannot be described as conclusory. It is alleged in the plaintiffs' first cause of action that certain of the defendants are members of the Hortonville Vigilantes, a group whose purpose was to oppose activities of the plaintiffs, that the Vigilantes met with the defendant Weihing, that immediately thereafter the Vigilantes assaulted the plaintiffs at his direction, and that the absence of police officers at the scene of the assault was the result of an agreement and conspira-

cy between all the defendants. These allegations are sufficiently definite and specific to survive a motion to dismiss. Compare *Scott v. Larson,* 58 F.R.D. 131 (E.D.Wis.1973), and *Weise v. Reisner,* 318 F.Supp. 580 (E.D.Wis.1970).

■ It is unnecessary to determine whether the plaintiffs' first cause of action requires the pleading of state action, as the defendants contend, because state action is adequately alleged. The plaintiffs allege action under color of state law by the defendant Jones as chief of police of the village of Hortonville in removing police protection and by the defendant Weihing as president of the board of education in directing the assault by the Vigilantes upon the teachers picketing at the school site.

■ The defendants also contend that the plaintiffs have not alleged the discriminatory intent or animus required by 42 U.S.C. § 1985. "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). It is clear that § 1985 is not limited to conspiracies animated by racial discrimination. *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972); *Cameron v. Brock,* 473 F.2d 608 (6th Cir. 1973). I believe that the plaintiffs' allegations of a conspiracy directed against a class of picketing, striking teachers are sufficient to state the discriminatory intent required by 42 U.S.C. § 1985.

■ The plaintiffs have not, however, alleged that the purpose or effect of the defendants' conspiracy was to deprive any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, as required by 42 U.S.C. § 1985(3). See *Egan v. City of Aurora,* 291 F.2d 706 (7th Cir. 1961); *Collins v. Bensinger,* 374 F.Supp. 273 (N.D.Ill. 1974). Accordingly, the first cause of action must be dismissed for failure to state a claim upon which relief can be granted.

## MOTIONS TO DISMISS THE SECOND CAUSE OF ACTION

Each of the defendants has moved to dismiss the second cause of action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that it fails to state a claim upon which relief can be granted. The defendants argue specifically that the plaintiffs have not alleged the deprivation of rights secured by the Constitution or statutes of the United States, nor sufficient state action required to recover under 42 U.S.C. § 1983. The defendants' state action argument repeats a similar argument respecting the first cause of action and will be denied here for the same reasons as above.

The defendants' contention that no deprivation of constitutional or statutorily protected rights is alleged is similar to their argument with respect to subject matter jurisdiction in that it depends upon the characterization of the plaintiffs' activities. Noting again that picketing is "expression" protected by the first amendment, I cannot accept the defendants' argument. *Thornhill, supra.* Picketing can be restricted, and was, by state court injunction, restricted here.

■ The defendants contend that the plaintiffs' activities violated the restrictions which had been imposed and can therefore claim no legal protection. Accepting the allegations of the plaintiffs' amended complaint as true, as I must for the purpose of deciding a motion to dismiss, I find that a deprivation of first amendment rights has been alleged. Even if I were to accept the defendants' disputed factual contention that the restrictions of the state injunction were violated, it is not clear to me that the plaintiffs would thereby forfeit all legal protection against assault by armed and unarmed citizens under the direction of public officials. Accordingly, the defendants' motion to dismiss the second cause of action will be denied.

## MOTION TO DISMISS THE THIRD CAUSE OF ACTION

 Each of the defendants has moved to dismiss the third cause of action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that it fails to state a claim upon which relief can be granted. The parties are agreed that a claim under 42 U.S.C. § 1985 must be established before 42 U.S.C. § 1986 can be invoked. Since the plaintiffs' first cause of action pursuant to § 1985 is being dismissed for failure to state a claim, the third cause of action based upon § 1986 must also be dismissed.

## MOTIONS TO DISMISS THE AMENDED COMPLAINT AGAINST DEFENDANTS WEIHING, JONES AND KLUGE

The defendants Weihing and Jones have each moved to dismiss the amended complaint against them pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that it fails to state a claim against them upon which relief can be granted. My resolution of the motions to dismiss the second cause of action precludes me from granting these motions.

 The defendant Rick Kluge has moved to dismiss the amended complaint against him for failure to obtain service of the summons and amended complaint upon him. The motion is denominated as one under Rule 5(a), Federal Rules of Civil Procedure, but it is clear that a motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of service of process under Rule 5(a) is intended. Since the summons and amended complaint have not been served upon the defendant Kluge, the motion to dismiss the amended complaint as to him shall be granted.

### CONCLUSION

Therefore, it is ordered that the defendants' motions to dismiss the amended complaint for lack of subject matter jurisdiction be and hereby are denied.

It is also ordered that the defendants' motions to dismiss the first cause of action of the amended complaint for failure to state a claim upon which relief can be granted be and hereby are granted.

It is further ordered that the defendants' motions to dismiss the second cause of action of the amended complaint for failure to state a claim upon which relief can be granted be and hereby are denied.

It is further ordered that the defendants' motions to dismiss the third cause of action of the amended complaint for failure to state a claim upon which relief can be granted be and hereby are granted.

It is further ordered that the motions of the defendants Weihing and Jones to dismiss the amended complaint against them for failure to state a claim upon which relief can be granted be and hereby are denied.

It is further ordered that the motion of the defendant Kluge to dismiss the amended complaint against him for insufficiency of service of process be and hereby is granted.