Carmine GALANTE, Petitioner,

v.

The WARDEN, MANHATTAN CORRECTIONAL CENTER and the United States Parole Commission, Respondents.

No. 77 Civ. 4931.

United States District Court,
S. D. New York.

Oct. 27, 1977.

Robert B. Fiske, Jr., U. S. Atty. by T. Barry Kingham, Peter D. Sudler, New York City, for petitioner.

Roy M. Cohen, Michael Rosen, New York City, for respondents.

ROBERT J. WARD, District Judge.

Petitioner Carmine Galante ("Galante") has applied for a writ of habeas corpus admitting him to bail pending a final decision in the parole revocation proceedings which have been instituted against him. For the reasons hereinafter stated, the writ is denied.

---

In 1974, petitioner was mandatorily released from imprisonment after serving twelve years of a twenty year federal sentence for conspiring to violate the narcotics laws. On October 5, 1977, a mandatory release revocation warrant was issued by the United States Parole Commission, ordering the arrest of Galante for associating with known criminals in violation of the conditions of his release. Petitioner surrendered on October 11, 1977. Immediately thereafter, he filed the present petition seeking bail.

This Circuit has recognized that although there is no constitutional right to bail pending parole revocation proceedings, the district court has the power to grant bail in cases where the parolee alleges a due process violation within the parole revocation procedure. *Argro v. United States,* 505 F.2d 1374, 1377 (2d Cir. 1974). However, in view of the fact that the presumption of innocence is no longer available,[1] this power should be exercised only in unusual circumstances. *Id.,* at 1377–78.

In the present case, petitioner has claimed lack of due process in the conduct of the parole revocation procedure. The Court finds that of the various arguments petitioner has presented in his petition and in his supplementary papers and in oral argument, only one raises a sufficient question of due process to warrant discussion. That claim is petitioner's allegation that the Parole Commission abused its discretion in proceeding by warrant, which resulted in his immediate incarceration, rather than by summons, which would have enabled petitioner to remain at liberty pending the parole revocation proceedings.

Title 18, United States Code, section 4213(a) and 28 C.F.R. section 2.44 provide the Parole Commission the options of proceeding by warrant or by summons. Neither the statute nor the regulations present any restrictions regarding which option should be used in any given circumstance. Thus, this matter would seem to be completely within the discretion of the Parole Commission. The legislative history of section 4213(a) clearly supports this interpretation. Section 4213(a) was enacted in 1976 to provide for the use of a summons as an alternative to a warrant. The Conferees' Report states:

"This section provides that the Commission may initiate revocation proceedings using either a summons or a warrant procedure. It is the intent of the Conferees that the Commission should minimize the disruption of the parolee's life in any revocation proceeding. One means by which this intent has been implemented in [sic] giving the Commission discretion to use either a summons or warrant when a condition of parole has alleged to have been violated. However, the Conferees recognize that use of a summons for parolees with prior adult or juvenile records may simply be inappropriate." Parole Commission and Reorganization Act, H. Conf. Report 94–838, 94th Cong., 2d Sess. 33 (1976), U.S.Code Cong. & Admin.News 1976, p. 365.

While the summons was intended to give the Parole Commission greater flexibility in dealing with alleged violators of parole, implicit in the last sentence of the quotation is the recognition that the Commission was deemed by Congress to be in the best position to decide the appropriateness of the use of a summons, including the right to find that when dealing with convicted criminals, the use of a summons may *never* be appropriate. Thus, so long as the Parole Commission's decision is a considered and not an arbitrary one, proceeding by warrant rather than by summons can never amount to a denial of due process.

In the instant case, Joseph A. Nardoza, Commissioner for the Northeast Regional Office of the United States Parole Commission, has submitted an affidavit stating that the use of the summons procedure was carefully considered in petitioner's case. He stated that in deciding whether to proceed by summons or warrant, the crite-

---

1. "The history of the offender, already under sentence, militates against bail." *Argro v. United States,* 505 F.2d 1374, 1378 (2d Cir. 1974). Moreover, "the threat of reincarceration may prove a strong inducement for flight." *Id.*

**66**

ria he considers most important are the past record of the parolee and the number and seriousness of the alleged violations. The Court can hardly state that such criteria are irrational.[2]

■ Mr. Nardoza stated that in petitioner's case, his decision to proceed by warrant was influenced by petitioner's past record and the frequency of alleged meetings with persons with known criminal records.[3] He stated that because petitioner's original conviction was for conspiracy with twenty-eight other persons to violate the narcotics laws, he found that the frequency of Galante's alleged meetings with known criminals was "strongly suggestive of a course of conduct that could pose a threat to society." Based on these considerations, the Court can certainly not state that the decision to proceed by warrant was arbitrary, resulting in an abuse of the wide latitude granted the Parole Commission by the statute and regulations. Hence, there was no due process violation.

In light of the preliminary interview conducted by the Commission, petitioner's counsel has submitted an affidavit in which counsel alleges additional violations of due process. In view of all of the circumstances surrounding this case, the Court believes that the new allegations do not make out a due process claim. However, even if petitioner's new allegations raised a colorable due process claim, the present petition would have to be denied because petitioner has not alleged any "unusual circumstances" which mandate the exceptional measure of granting bail. The case law involving applications for bail pending habeas review indicates that "unusual circumstances" include those such as serious deterioration of the petitioner's health while incarcerated, short sentences so near completion that,

without bail, collateral review would be ineffective, or possibly extraordinary delay in processing a habeas petition. *See Calley v. Callaway,* 496 F.2d 701, 702 n. 1 (5th Cir. 1974), and cases cited therein. Here, petitioner has made no showing of any circumstances of this nature.

For the foregoing reasons, the writ is denied and the petition dismissed. Inasmuch as the Court believes that this petition poses a question of law upon which the Court of Appeals should rule, the Court will issue a certificate of probable cause.

It is so ordered.

---

**2.** Petitioner claims the Commission disregarded the stated criteria for this determination. However, this is incorrect. The criteria to which petitioner refers pertain to the granting of bail by the Commission after the preliminary interview, not to the summons/warrant question. The only standard for the latter question is that in the legislative history of section 4213(a), which seems to give the Commission complete discretion.

**3.** Although no probable cause was found to support some of the forty-five charges at the preliminary hearing, the propriety of proceeding by warrant must be judged from the facts as they appeared at the time of the decision, not in retrospect. Moreover, the eighteen violations for which probable cause was found at the preliminary interview would seem more than adequate to support a finding of frequency of violations.