Carmine GALANTE, Petitioner-Appellant,

v.

The WARDEN, METROPOLITAN COR-
RECTIONAL CENTER and the United
States Parole Commission, Respondents-
Appellees.

No. 520, Docket 77–2132.

United States Court of Appeals,
Second Circuit.

Argued Nov. 21, 1977.

Decided Dec. 9, 1977.*

Roy M. Cohn, New York City (Saxe, Ba-
con & Bolan, New York City, Michael Ro-
sen, New York City, George Peter Lamb,
Jr., Washington, D. C., Ronald F. Poepplein,
New York City, of counsel), for petitioner-
appellant.

T. Barry Kingham, Asst. U. S. Atty., New
York City (Robert B. Fiske, Jr., U. S. Atty.,
for the Southern District of New York,
Peter D. Sudler, Audrey Strauss, Asst. U. S.
Attys., New York City, of counsel), for re-
spondents-appellees.

Before FEINBERG, MANSFIELD and
VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Carmine Galante, who was mandatorily
released from federal prison in 1974 pursu-

---

* This appeal was originally heard on November
21, 1977 and was decided by a detailed written
order, dated December 9, 1977. Since such a
summary disposition has no precedential value
under our Local Rule § 0.23, the Government
moved for publication of the order so that it

could be cited in the future. Appellant has
consented to the motion, and we agree that the
issue is important enough to warrant a publish-
ed opinion. Accordingly, we grant the motion
and repeat the substance of the prior written
order in this per curiam opinion.

ant to 18 U.S.C. § 4163 after serving 12 years of a 20-year sentence imposed in 1962 by the Southern District of New York for violations of federal narcotics laws, appeals from an order of Judge Robert J. Ward dismissing his petition for a writ of habeas corpus. Petitioner sought release on bail pending termination of proceedings before the United States Parole Commission ("Commission") for revocation of his status as a parolee. Revocation is sought on the ground that he violated one of the conditions of his release, namely, that he would not without permission of his probation officer associate with any person who had a criminal record. 28 C.F.R. § 2.40(a)(10).

Galante's principal contentions are (1) that he was denied due process by the Commission because it proceeded against him by warrant rather than by summons, and (2) that it is an abuse of discretion to deny him bail when he has not been charged with or convicted of a criminal act while on mandatory release. We disagree.

Congress invested the Commission with wide discretion to decide whether it might proceed by warrant or summons against a person charged with violation of parole and expressly recognized that in seeking pursuant to 18 U.S.C. § 4213(a) to revoke the release of a person with a prior criminal record, which is the case here, it might be inappropriate for the Commission to proceed by summons rather then by warrant. See H.Conf.Rep.No.94–838, 94th Cong., 2d Sess. 33 (1976), reprinted in [1976] U.S.Code Cong. & Admin.News, pp. 351, 365.

As a mandatory releasee, a person in Galante's position no longer enjoys the benefit of a presumption of innocence and has no constitutional right to bail. *Argro v. United States,* 505 F.2d 1374, 1377–78 (2d Cir. 1974); *In re Whitney,* 421 F.2d 337 (1st Cir. 1970). Bail pending a parole revocation hearing is therefore granted only in "most unusual circumstances," *Argro v. United States, supra,* at 1378, or when "extraordinary or exceptional circumstances . . . make the grant of bail necessary to make the habeas remedy effective," *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974).

No such unusual circumstances are shown here. After learning that a warrant was outstanding for his arrest, Galante surrendered on October 11, 1977, to the U.S. Marshal. Thereafter, he was furnished with a copy of the warrant setting forth the charges forming the basis of the claim for revocation of parole, was advised of his rights and of the substance of the charges against him, was accorded a prompt preliminary interview at which he was represented by counsel and was confronted with witnesses whom he had an opportunity to question. On October 21, 1977, the hearing officer advised the Regional Parole Commissioner that there was probable cause to believe that Galante had over a period of a year associated on 18 occasions with persons who had criminal records. A final hearing on the parole revocation warrant was scheduled for December 14, 1977, pursuant to 18 U.S.C. § 4214(a)(1)(B).

In these circumstances, we find no abuse of discretion on the part of the district court in denying such release pending disposition of the parole revocation charges.

The order is affirmed.