Louis M. PIHAKIS, Petitioner,

v.

Dale THOMAS, Warden of the
Metropolitan Correctional
Facility, Respondent.

No. 79 Civ. 2015.

United States District Court,
S. D. New York.

May 24, 1979.

Irwin Klein, P. C., New York City, for petitioner.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, for respondent; Nancy E. Friedman, Asst. U. S. Atty., New York City, of counsel.

LASKER, District Judge.

Louis Pihakis petitions for a writ of habeas corpus. On November 28, 1977, he was released on parole after serving eight months of a two year sentence, which was to expire on March 27, 1979. On April 12, 1978, while still under Parole Commission supervision, Pihakis testified before a grand jury. On December 13, 1978, he was convicted of mail fraud and perjury before the grand jury.

On January 9, 1979, just over two months before Pihakis' original sentence was to expire, the Parole Commission issued a warrant charging him with violating his parole as a result of his perjury conviction, but the

722

warrant was not executed until March 9th, when Pihakis was sentenced to concurrent five and six year terms on the fraud and perjury charges. The sentencing judge granted bail pending appeal. He refused, however, to stay execution of the Parole Commission's warrant.

Pihakis seeks immediate release from custody on the grounds that the Parole Commission lacked jurisdiction to issue a warrant against him. Alternatively, he seeks a suspension of the warrant pending an appeal of his perjury conviction, or release on bail pending his parole revocation hearing.

■ Pihakis contends that under 18 U.S.C. § 4164, the Parole Commission's warrant was invalid because it was issued less than 180 days before the expiration of the maximum term to which he was originally sentenced. Section 4164 provides:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

However, this provision, by its terms, applies only to "mandatory releasees": individuals who are released from custody after serving their entire sentence less time accrued for good behavior while incarcerated. Pihakis was not a mandatory releasee, and consequently the provision upon which he relies has no application to him.

■ Pihakis requests that the court suspend the Parole Commission's warrant pending his appeal of the perjury conviction that underlies the parole violation charge. He cites 18 U.S.C. § 4213(b), which states:

"Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge."

This provision is addressed to the Parole Commission: it grants the Commission discretion to refrain from issuing a warrant based on a criminal charge until the charge is disposed of, but does not grant a court the authority to do so. Accordingly, Pihakis' request must be denied, since the court could not grant it even if inclined to do so.

■ Finally, Pihakis petitions that he be released on bail pending the hearing scheduled on the parole violation charge. While a parolee has no constitutional right to bail, the district court has the power to grant bail in a habeas proceeding brought by a parolee. *Argro v. United States,* 505 F.2d 1374, 1377–78 (2d Cir. 1974); *see Galante v. Warden,* 573 F.2d 707, 708 (2d Cir. 1977) (per curiam); *In re Whitney,* 421 F.2d 337, 338 (1st Cir. 1970). However,

"[b]ail pending a parole revocation hearing is . . . granted only in 'most unusual circumstances,' *Argro v. United States, supra,* at 1378, or when 'extraordinary or exceptional circumstances . . . make the grant of bail necessary to make the habeas remedy effective,' *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974)."

*Galante v. Warden,* 573 F.2d 707, 708 (2d Cir. 1977) (per curiam). Pihakis has identified no special circumstances that distinguish him from any other alleged parole violator. Even if it were true that a reversal of his perjury conviction would completely undermine the parole violation charge, Pihakis' position would be no different from that of any parolee incarcerated on a warrant pending a parole revocation hearing, at which it would be determined whether the alleged parole violation actually occurred. However, a reversal of the perjury conviction would not vitiate the parole violation charge: to sustain such a charge, the Commission need not show that a parolee was convicted of a crime, but only that his conduct violated the conditions of his parole. Although a criminal conviction is sufficient to establish probable cause to believe a parolee has done so, 18 U.S.C. § 4214(b)(1), reversal of the conviction on

appeal does not preclude an independent factual showing (by a preponderance of the evidence) that he did so. Moreover, Pihakis has not shown that his appeal is likely to result in a reversal. On the contrary, it appears very likely that it will be unavailing. Under these circumstances, bail pending a parole revocation hearing is not appropriate.

For the reasons stated, Pihakis' petition for a writ of habeas corpus is denied in all respects, and this action is dismissed.

It is so ordered.