**Jerald CARMEL, Petitioner,**

**v.**

**UNITED STATES PAROLE COMMISSION, Respondent.**

**No. 80 Civ. 542.**

United States District Court,
S. D. New York.

April 25, 1980.

Jerald Carmel, pro se.

Robert B. Fiske, Jr., U. S. Atty. S. D. New York City, New York, for respondent, Jonathan A. Lindsey, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Petitioner, presently incarcerated at the Metropolitan Correctional Center in New York City, seeks his release by way of this petition for habeas corpus. The sole ground of his petition is that his due process rights have been violated by the failure of the United States Parole Commission (the "Commission") to accord him a final parole revocation hearing within 90 days of his arrest on a parole violator warrant as required by 18 U.S.C., section 4214(c).[1]

Petitioner was released from federal custody to parole supervision on August 21, 1972. His parole was to terminate on May 12, 1979. On September 26, 1973 the Commission was informed by petitioner's supervising Probation Officer that he had absconded. On October 10, 1973, a warrant was issued charging petitioner with parole violations for failure to submit supervision reports and for failure to report his change in residence. Subsequently, the Commission received information that petitioner had fled the United States and was living abroad. During this period he was convicted and imprisoned in both France and Sweden on criminal charges and was ordered expelled from the latter country.

On August 4, 1979 petitioner was arrested while entering the United States from Canada. A preliminary hearing was held on August 22, 1979 in accordance with 18 U.S.C., section 4214(a); petitioner, represented by an attorney, admitted the parole violations on which the warrant against him was based. The Commission found probable cause to believe petitioner had violated his parole and he was sent to the United States Penitentiary at Lewisburg, Pennsylvania for a final revocation hearing.

A revocation hearing was scheduled at Lewisburg for October 11, 1979—well within the ninety-day period. The Commission was prepared to conduct the hearing but petitioner requested and was granted a continuance until the December 1979 hearing docket. On December 12, 1979 a hearing was scheduled but the Commission was unable to proceed because petitioner was not at Lewisburg having been removed from custody there pursuant to a writ ad testificandum. Petitioner's presence at the Metropolitan Correctional Center by reason of that writ was not known to the Commission until March 5, 1980 when it was served with this petition.[2] Thereupon the Commission promptly scheduled a hearing for March 26, 1980 at the New York facility but petitioner again requested—and was granted—a continuance until a later date for the purpose of obtaining counsel and procuring witnesses. In sum, eight months have passed since petitioner's arrest on the parole violation charge.

■ There is no doubt, and the Commission concedes, that due process requires a hearing on the revocation of parole to be held "within a reasonable time" after execution of the parole violator's warrant.[3] Prior to the enactment of 18 U.S.C., section 4214 in 1976, what length of time constituted a "reasonable" delay had been a matter left to the courts[4] but in that statute Congress required that revocation hearings be conducted within ninety days thereby pre-

---

1. 18 U.S.C. § 4214(c) provides in pertinent part: Any alleged parole violator who is summoned or retaken by warrant under section 4213 . . . who knowingly and intelligently admits violation at a preliminary hearing . . . shall receive a revocation hearing within ninety days of the date of retaking.

2. It is difficult to understand why the Commission did not earlier ascertain the whereabouts of petitioner when he was removed from Lewisburg pursuant to the writ—unless this is attributed to a bureaucratic foul-up.

3. *Morrissey v. Brewer*, 408 U.S. 471, 487–88, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972).

4. Prior to the enactment of the statute, the courts had gradually developed a three-month rule of per se unreasonableness. *United States v. Companion*, 545 F.2d 308, 310 (2d Cir. 1976); *United States ex rel. Hahn v. Revis*, 520 F.2d 632, 638 n.5 (7th Cir. 1975).

sumably establishing any delay beyond that period as prima facie unreasonable.[5] However, where the Commission fails to act within the time prescribed by the statute the appropriate remedy is not release from custody but the compulsion of a prompt decision by the Commission.[6] This interpretation of section 4214 accords with the rule established prior to the enactment of the statute that even an unreasonable delay in granting a parole revocation hearing does not mandate release of the parolee from custody unless he has been prejudiced by the delay.[7]

 Thus, unless petitioner has been prejudiced by the delay in his revocation hearing, he is not entitled to the relief he seeks. Petitioner asserts generally that he has been prejudiced by the delay in that evidence in mitigation of his admitted parole violations has been lost.[8] Petitioner has not, however, indicated what evidence or witnesses he would have presented at a timely hearing which will now be unavailable to him because of the delay and in what respect he is prejudiced by reason thereof.[9] Moreover, the Court notes that much of the delay petitioner complains of was incurred at his own request.[10] Accordingly, the petition for habeas corpus is denied.[11]

So ordered.

**5.** *Cf. Smith v. United States*, 577 F.2d 1025 (5th Cir. 1978).

**6.** *See Smith v. United States*, 577 F.2d 1025 (5th Cir. 1978); *Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir. 1977); *Northington v. United States Parole Commission*, 587 F.2d 2 (6th Cir. 1978); *Lambert v. Warden*, 591 F.2d 4 (5th Cir. 1979). *See also* 122 Cong.Rec. S2573 (daily ed. March 2, 1976) (remarks of Sen. Burdick); 122 Cong.Rec. H1500 (daily ed. March 3, 1976) (remarks of Rep. Kastenmeier).

**7.** *See United States v. Companion*, 545 F.2d 308, 310 (2d Cir. 1976); *Shepard v. United States Bd. of Parole*, 541 F.2d 322, 328–29 (2d Cir. 1976), *vacated on other grounds*, 429 U.S. 1057, 97 S.Ct. 779, 50 L.Ed.2d 773 (1977); *United States ex rel. Blassingame v. Gengler*, 502 F.2d 1388 (2d Cir. 1974) (per curiam); *United States ex rel. Buono v. Kenton*, 287 F.2d 534, 536 (2d Cir.), *cert. denied*, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44 (1961). *Cf. Guida v.*

*Nelson*, 603 F.2d 261, 263 (2d Cir. 1979) (post-statute).

**8.** *See Jenkins v. United States*, 337 F.Supp. 1368, 1371 (D.Conn.1972). *Cf.* 28 C.F.R. § 2.50(a).

**9.** *See Jenkins v. United States*, 337 F.Supp. 1368, 1371 (D.Conn.1972).

**10.** *Cf.* 28 C.F.R. § 2.49(e) ("if a parolee requests and receives any postponement or consents to a postponed revocation proceeding . . . the [ninety day] time limit[] may be extended.").

**11.** The petitioner would be entitled, because of the delay beyond the statutory time limit, to an order directing the Commission to conduct a revocation hearing forthwith. However, the hearing which the Commission is prepared to accord petitioner is now being held in abeyance at petitioner's express request.