UNITED STATES of America, ex rel. Efraim CARRASQUILLO, Petitioner,

v.

Dale THOMAS, as Warden of the Metropolitan Correctional Center, New York City, Respondent.

No. 81 Civ. 4566.

United States District Court, S. D. New York.

Dec. 15, 1981.

Fisher & Fraser, New York City, for petitioner; Ivan S. Fisher, Alan Scribner, David Ely, New York City, of counsel.

John S. Martin, Jr., U.S.Atty., New York City, for respondent; William J. Brennan, Asst. U.S.Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, presently confined at the Metropolitan Correctional Center after revocation of parole, seeks a writ of habeas corpus pursuant to 28 U.S.C., section 2241 which, if granted, would effect his release from custody. Essentially, he makes two claims: (1) that criminal charges contained in an indictment against him which had been dismissed cannot ground a subsequent revocation of parole; and (2) that the failure of the United States Parole Commission ("Commission") to conduct the final revocation proceeding on pending charges against him within the time prescribed by the Commission's rules was prejudicial because it deprived him of the testimony of a material witness. The respondent warden moves to dismiss the petition.

To put matters in perspective, it is necessary to detail events leading to the instant petition. In August 1971, petitioner was sentenced to serve a twelve-year term of imprisonment following his conviction in the Eastern District of New York of conspiracy to import cocaine into the United States for sale. On August 30, 1976, he was released from imprisonment subject to parole supervision until June 7, 1983. On December 1, 1978, a warrant (the "1978 warrant") was issued for his arrest to conduct a preliminary interview to determine if there was probable cause to believe that he had violated his parole upon three specifications: (1) failure to report to the United States probation officer; (2) failure to submit monthly supervision reports; and (3) failure to report change in residence.[1] The parties sometimes refer to these specifications as the "technical" violations. The United States Marshal and the FBI could not locate petitioner for more than two years, until February 2, 1981, when he was arrested on a narcotics charge. The outstanding 1978 warrant was then executed and he was committed to the Metropolitan Correctional Center, New York City. Two days later, at a preliminary interview,[2] petitioner admitted the parole violation charges and on February 17, 1981, he was advised in writing that probable cause existed to hold him for a parole revocation hearing on each charge.[3] The Federal Correctional Institution at Danbury, Connecticut, was designated as the place for the revocation hearing.[4] However, petitioner was not removed because of an outstanding writ of habeas corpus ad prosequendum that had been issued by the United States District Court, Eastern District of New York for petitioner's appearance there.

On February 18, the petitioner was named in an indictment returned by a grand jury in the Eastern District of New York charging him with possession of cocaine with intent to distribute in violation of 21 U.S.C., section 841(a)(1). Because of the outstanding writ of habeas corpus ad prosequendum, the Regional Commissioner decided to withdraw the 1978 warrant. A notice of action to this effect was sent to petitioner. At the same time a new warrant was issued for petitioner's arrest for a preliminary interview to determine whether there was probable cause to believe that he had violated his parole conditions based upon (1) the pending criminal charge of possession of cocaine with intent to distribute, (2) possession of two handguns and (3) possession of $3,000 in cash; the latter two items were not the subject of criminal charges. The notice of action that was sent to petitioner also advised him of this latter warrant and that it would be "held in abeyance pending disposition of new charges." The United States Marshal was instructed to hold the warrant in abeyance pending further instructions from the Commission. On April 13, 1981, the indictment against petitioner was dismissed on the government's motion.[5] The Commission sought information as to the reason for dismissal and, on June 5, 1981, was informed by the United States Attorney's office for the Eastern District that it was due to legal problems arising out of the seizure of the cocaine and firearms.

The case analyst in charge of petitioner's matter states he discovered that he had "inadvertently failed to place the original charges of technical parole violations back on the reissued warrant on March 20, 1981." Upon his recommendation, the Commission on June 15, 1981 included the "technical" parole charges contained in the 1978 warrant as a "supplement to warrant applica-

1. 28 C.F.R. § 2.44.

2. 28 C.F.R. § 2.48(a).

3. 28 C.F.R. § 2.48(d)(2).

4. 28 C.F.R. § 2.49(c).

5. The minutes of the proceeding indicate that the Assistant United States Attorney made a brief statement to the court: "During the course of the trial preparation certain information came to the attention of the U. S. Attorney. In fact in connection with that and after discussion with my superiors we decided not to proceed. I prefer at this time not to specify those grounds."

tion dated 3/20/81"—in effect reinstating the original 1978 charges and adding them to the warrant that contained the more recent charges of possession of narcotics, handguns and large sums of money. Thereafter on June 30, 1981, the petitioner was arrested on the basis of the warrant dated March 20, 1981 as supplemented. A preliminary interview on probable cause for revocation was scheduled for July 7 but was postponed because petitioner's counsel was unable to attend.

On July 22, the petitioner filed the instant application for a writ of habeas corpus claiming that he is illegally incarcerated because a final revocation hearing had not been held within ninety days after the execution of the 1978 warrant, as required by 28 C.F.R., section 2.49(e);[6] and further, that the issuance of the supplemental warrant dated June 15, 1981 which reinstated the initial three specifications of charges in the 1978 warrant was of no effect. A preliminary interview of petitioner was held on August 6, 1981 and the interviewing officer recommended to the Commission that probable cause existed to warrant a parole revocation hearing based on the alleged narcotics offense and the parole reporting or so-called "technical" violations. On August 20, the Commission accepted the recommendation and ordered that a local parole revocation hearing be held within sixty (60) days—no later than October 19, 1981. However, due to a number of adjournments that were granted either at the request of petitioner or his attorney, the hearing was held on November 9, 1981. The hearing panel found that petitioner had violated his parole upon the original 1978 charges and the subsequent narcotics charge. Petitioner admitted the "technical" charges. The panel sustained the narcotics charge applying

the standard of a fair preponderance of the evidence, based upon official documents and the testimony of a drug enforcement agent given at the hearing. The panel recommended revocation of parole. The Regional Commissioner revoked parole based upon the above numerated violations. Notice of action to this effect was sent to petitioner on December 1, 1981.

Petitioner's principal contention is that the charges alleged in the narcotics indictment cannot constitutionally serve as the basis for revocation of parole because the indictment was dismissed with prejudice—in short, that under the Fifth Amendment guarantee against double jeopardy, and collateral estoppel concepts as applied thereunder,[7] the government is barred from relying upon those charges to predicate revocation proceedings. The contention is without substance. First, no factual determination was made of the charges contained in the indictment. The dismissal, which apparently was based upon an unlawful search and seizure, did not pass upon the ultimate fact posed by the indictment charge. Indeed, there is no record to look to in order to ascertain what fact was determined. The dismissal of the indictment with prejudice, while it foreclosed another criminal prosecution against petitioner on the same charge, did not result in any fact determination so as to invoke the doctrine of collateral estoppel or *res judicata*.[8]

 Next, petitioner's contention rests upon an erroneous assumption that a revocation proceeding is equivalent to a criminal prosecution, and that, since the government is now barred under the double jeopardy clause from again prosecuting petitioner on the dismissed narcotics charge, it is also barred from relying upon it to sustain the parole violation charge. It is stating the

**6.** 28 C.F.R. § 2.49(e) reads in pertinent part: Institutional revocation hearings shall be scheduled to be held within ninety days of the date of the execution of the violator warrant upon which the parolee was retaken. However, if a parolee requests and receives any postponement or consents to a postponed revocation proceeding, or if a parolee by his actions otherwise precludes the prompt conduct of

such proceedings, the above-stated time limits may be extended.

**7.** *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

**8.** *See Sealfon v. United States*, 332 U.S. 575, 578–79, 68 S.Ct. 237, 239, 92 L.Ed. 180 (1948); *United States v. Kramer*, 289 F.2d 909, 913 (2d Cir. 1961) (Friendly, C. J.)

obvious to say that a criminal prosecution and a parole revocation proceeding differ in concept and purpose and that the proof necessary to sustain each is different. The criminal charge centers about an alleged violation of penal statutes by a defendant cloaked with the full panoply of rights derived from the United States Constitution. Parole violation is concerned with conduct that may or may not reach the level of a crime.[9] The burden of proof to sustain the revocation charge is by a fair preponderance of the evidence.[10] Formal procedures and rules of evidence are not required.[11] Evidence, such as letters, affidavits and other matters that would be inadmissible in an adversary criminal trial may be considered in a revocation proceeding.[12]

■ The Supreme Court has emphasized that revocation of parole is not part of a criminal prosecution but is an administrative procedure that may result in depriving a parolee of his conditional liberty for failure to observe special parole conditions.[13] The essential purpose of a revocation of parole proceeding is to determine whether the parolee violated those conditions of his release that were intended to assure his resumption of a role in the community as a law-abiding citizen, and if he has violated parole, whether he should be recommitted to prison or other steps should be taken to protect society and improve his chances of

rehabilitation.[14] In the light of the basic differences between the nature and purpose of a criminal prosecution and a parole revocation proceeding, the fact that the indictment was dismissed with prejudice, thus barring reindictment on the same charge, does not bar a parole revocation proceeding that rests upon the same allegations of the untried indictment. Indeed, even had the indictment not been dismissed but had petitioner been tried and found not guilty, it would not have barred a parole revocation based on the same charges of which he had been acquitted.[15]

■ Moreover, the nature of the parole revocation procedure as an administrative rather than criminal proceeding forecloses petitioner's attempt to invoke res judicata or collateral estoppel. It has long been the established rule that the difference in the burden of proof in a criminal proceeding and a civil proceeding precludes the application of these doctrines. In the seminal case of *Helvering v. Mitchell*,[16] the defendant, a well-known banker in his day, had been acquitted of a willful income tax evasion charge. Subsequently, the Internal Revenue Commissioner imposed a penalty assessment against the taxpayer upon a finding of fraud based upon the very charges contained in one count of the indictment of which the defendant had been acquitted. The Court held:

9. *Bradley v. Fairfax*, 634 F.2d 1126, 1133 (8th Cir. 1980) (conduct that is not criminal may still violate parole conditions); *Pihakis v. Thomas*, 470 F.Supp. 721, 722 (S.D.N.Y. 1979) (to sustain a violation of parole charge the commission need not show that a parolee was convicted of a crime but only that his conduct violated the conditions of his parole); *Lewis v. United States Parole Commission*, 448 F.Supp. 1327, 1330 (E.D.Mich. 1978) (that petitioner was not convicted of criminal conduct does not preclude finding that he violated parole). *Cf. Galante v. Warden*, 573 F.2d 707 (2d Cir. 1977) (denial of bail not abuse of discretion pending parole revocation proceeding for associating with known criminals).

10. 18 U.S.C. § 4214(d).

11. *Gagnon v. Scarpelli*, 411 U.S. 778, 789, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973).

12. *Gagnon v. Scarpelli*, 411 U.S. 778, 783 n.5, 93 S.Ct. 1756, 1760 n.5, 36 L.Ed.2d 656 (1973);

*Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972).

13. See *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972).

14. *Gagnon v. Scarpelli*, 411 U.S. 778, 784, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 479–80, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972).

15. *Cf. Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976) (function of Parole Commission found to be analogous to that of sentencing judge, who is permitted to consider charges of which defendant was acquitted); *Payton v. Thomas*, 486 F.Supp. 64, 68 (S.D.N.Y. 1980).

16. 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938).

The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of *res judicata.* The acquittal was "merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." *Lewis v. Frick*, 233 U.S. 291, 302 [34 S.Ct. 488, 492, 58 L.Ed. 967] [1914]. It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled.[17]

■ As already noted, the essential purpose of a parole revocation proceeding is remedial rather than punitive.[18] In the light of the differences between the two proceedings, revocation of parole is not interdicted under the double jeopardy provision of the Fifth Amendment of the United States Constitution by reason of the dismissal of the indictment.

While our Court of Appeals has not addressed this precise issue, other courts of appeals have and are in agreement that parole revocation proceedings based upon charges of which a parolee has been acquitted and which have been dismissed are not barred either under *res judicata* concepts or the double jeopardy provision of the Constitution.[19] The instant case is *a fortiori* since there has been no trial upon the merits.

■ Equally without substance is petitioner's claim that the revocation proceed-

ings are void because he was not afforded a hearing within ninety days after the execution of the 1978 warrant.[20] First, since the filing of the habeas petition, the hearing has been held. Even if there was an unreasonable delay in holding this hearing, the petitioner is not entitled to release unless he was prejudiced by the delay.[21] The only prejudice alleged by petitioner is that a witness who was present at his arrest on the narcotics charge has since left the country. According to petitioner, this witness would have testified only with respect to the possession of handguns and money specification charges. However, the parole commission did not base the revocation of petitioner's parole on these specifications, but only on the narcotics charge and the "technical" parole violations. Petitioner does not allege that the witness could have testified with respect to the narcotics charge. Thus, the absence of the alleged witness—who has never been identified—is of no consequence, and there is no basis for the claim of prejudice.

■ In any case, since the revocation hearing has been held, appellate administrative procedures are available to petitioner which he has not pursued. Exhaustion of administrative remedies is required before habeas relief may be granted.[22] Accordingly, petitioner's second contention does not provide grounds for granting the writ.

The respondent's motion to dismiss is granted.

So ordered.

---

17. *Id.* at 397, 58 S.Ct. at 632.

18. *Morrissey v. Brewer*, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972).

19. *See Standlee v. Rhay*, 557 F.2d 1303 (9th Cir. 1977) (doctrine of collateral estoppel did not prohibit a parole board from finding petitioner guilty of violations following acquittal on the same charges in a criminal trial); *United States v. Chambers*, 429 F.2d 410 (3d Cir. 1977) (fact that defendant was acquitted of state charge did not bar revocation of probation proceeding by court on the same charge); *Fox v. Sanford*, 123 F.2d 334 (5th Cir. 1941) (parolee's acquittal of criminal charge in state court did not bind the parole board in a revocation pro-

ceeding based upon the same charge). *Cf. Mack v. McCune*, 551 F.2d 251 (10th Cir. 1977) (reversal of conviction does not preclude *de novo* consideration of same charges by parole commission).

20. 18 U.S.C. § 4214(c) and 28 C.F.R. § 2.49(e) promulgated thereunder.

21. *United States v. Companion*, 545 F.2d 308, 313 (2d Cir. 1976); *Carmel v. United States Parole Commission*, 489 F.Supp. 113, 115 (S.D. N.Y. 1980).

22. *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir. 1979).