Raymond **ROBIN**, Petitioner,

v.

The Warden, Dale **THOMAS**, of the Metropolitan Correctional Center, 150 Park Row, New York, New York, Respondent.

Nos. 83 Civ. 0401, 74 CR 622.

United States District Court, S.D. New York.

Jan. 26, 1983.

---

Pascarella, Dehler, Illmensee & Carra, Garden City, N.Y., for petitioner; James A. Pascarella, Garden City, N.Y., of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for respondent; Edward G. Williams, Asst. U.S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The petitioner, now incarcerated at the Metropolitan Correction Center in New York City pursuant to a parole revocation warrant, seeks an order (1) vacating and setting aside his sentence pursuant to 28 U.S.C. § 2255 and Fed.R.Crim.P. 35(a), or, alternatively, (2) granting bail during the pendency of the parole violation charge.

## FACTS

Upon his plea of guilty to violations of federal narcotics laws, petitioner was sentenced on January 9, 1976 by then Judge, now Chief Judge Motley, to a term of 30 years imprisonment, a special parole term of three years, and fines totalling $75,000. Upon appeal, the Court of Appeals vacated the sentence imposed by Judge Motley and ordered a resentencing before a different district judge.[1] Upon an updated presentence report, this Court imposed a sentence of ten years imprisonment, a special parole term of five years, and fines totalling $5,000.

After serving three years and eight months of his sentence, the petitioner was released from imprisonment on June 25, 1979 under regular parole. His status as such a parolee terminated on August 6, 1981, whereupon his special five-year parole term became effective. On October 27, 1982 he was arrested by New York City law enforcement officers upon charges of criminal possession of a controlled substance in the first degree, criminal possession of a weapon in the third degree and possession of gambling records in the first degree. He

---

1. *United States v. Robin,* 545 F.2d 775 (2d Cir. 1976).

was held in $50,000 bail and was released when that bail was furnished. Based upon the foregoing state charges, a warrant was issued for alleged violation of parole under the federal sentence. Petitioner voluntarily surrendered and a preliminary interview to determine if there is probable cause to believe that he violated the condition of his parole pursuant to 18 U.S.C. § 4214 was scheduled for January 22, 1983 but was adjourned with petitioner's consent.

### The Motion to Vacate the Sentence

Petitioner contends first that the sentence imposed by this Court which forms the basis of his current parole status is illegal under the rule of *North Carolina v. Pearce.*[2] In *Pearce,* the Supreme Court held that the imposition upon a defendant of an increased sentence upon retrial and conviction after his successful appeal of his first conviction amounted to a denial of due process of law. In *Robinson v. Scully,*[3] the Second Circuit held that *Pearce* applies not only to resentencing upon conviction after retrial following a successful appeal but also to resentencing upon a guilty plea following the vacatur of a prior sentence upon appeal.

Petitioner contends that the sentence imposed by this Court violates *Pearce* even though the term of imprisonment was substantially reduced from 30 years to ten years, and the fines from $75,000 to $5,000, because the special parole term was increased from three years to five. He relies upon *United States v. Barash,*[4] where the Second Circuit held that a resentencing which reduced the term of imprisonment but added fines where none had been imposed originally and provided that incarceration was to continue until certain of the fines had been paid was illegal under *Pearce.* The Court stated:

> Any attempt to compare one kind of punishment with another and to pronounce one more or less severe than another under circumstances such as those in this or similar cases is wholly impractical. It is simply not possible to compare a fine with a prison term and determine with any degree of accuracy which is the more severe. . . . As an exercise of our supervisory power over the administration of federal justice we, therefore, hold that after retrial, a sentencing judge is bound . . . to follow the kind, as well as to stay within the bounds of the degree of severity, of the punishment imposed following the first trial . . . Thus while he may impose a lesser amount of whatever punishment was set the first time around, no exchange may be made between the various types of available penalties, except that the execution of such identical or lesser sentence may be suspended and a term of probation imposed.[5]

The petitioner argues that *Barash* requires each element of a sentence to be considered separately when determining whether the second sentence is more severe than the original one. Thus, he would quantify separately the term of imprisonment, the period of parole and the amount of fine and, if any one exceeded the prior amount of the same type, the sentence would be deemed more severe. While some of the language quoted above might be construed so broadly, the holding of *Barash* does not go as far as petitioner contends. In *Barash,* the Court of Appeals was faced with the difficult problem of comparing the severity of imprisonment versus fines. Here, comparing the variations between terms of imprisonment and parole does not present the same intractable problem. Accepting the Court's statement that it is "not possible to compare a fine with a prison term and determine with any degree of accuracy which is the more severe," it does not have the same force in considering whether a term of imprisonment and a parole term imposed upon a resentence constitutes a more severe sentence than that imposed upon the prior sentence.

---

**2.** 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

**3.** 690 F.2d 21, 24 (2d Cir.1982).

**4.** 428 F.2d 328 (2d Cir.1970), *cert. denied,* 401 U.S. 938, 91 S.Ct. 928, 28 L.Ed.2d 217 (1971).

**5.** *Id.* at 332.

■ Upon its face, a reduction of a prison term from 30 years to ten years and fines from $75,000 to $5,000 suggests that any contention that a more severe sentence was imposed borders on the ludicrous. The increase of the special parole term from three to five years did not result in a more severe sentence.[6] Under Judge Motley's sentence of 30 years, the earliest date petitioner could have been released on parole was after serving one-third of his sentence—that is, ten years.[7] Assuming his release at that minimum date, he would have been subject to the three-year special parole under the sentence in addition to, and not in lieu of, any other parole provided by law.[8] In contrast, even if it should be found in the pending parole violation proceeding that petitioner violated the terms of his parole and he is ordered imprisoned for the full five-year period, the total time he will have served under this Court's sentence is eight years and eight months. Thus, the petitioner's case is very different from the situation in *Barash* where the Court of Appeals noted that because the resentence provided that the defendant was to remain incarcerated until certain of the fines were paid, his term of imprisonment might exceed that originally imposed, if the defendant were unable to pay the fines.

The motion to set aside the sentence on the ground that it violates petitioner's rights to due process of law is denied.

### The Application for Bail on the Parole Revocation Warrant

■ It is within the sound discretion of the Parole Commission to determine, once advised of a probable parole violation, whether it should summon the parolee to appear at a preliminary hearing conducted pursuant to 18 U.S.C. § 4214 to determine probable cause or issue a warrant to retake the parolee as provided in 18 U.S.C. § 4213.[9] While the Court does have the· power to grant bail pending a parole revocation hearing, it should be

> granted only in 'most unusual circumstances,' . . . or when 'extraordinary or exceptional circumstances . . . make the grant of bail necessary to make the habeas remedy effective' . . . [10]

Petitioner has set forth no special or exceptional circumstances that distinguish him from any other alleged parole violator. The application for bail is denied.

---

6. Petitioner's then counsel at the time of sentencing, in urging a substantially reduced term of imprisonment much below the 30-year sentence previously imposed, suggested that effective supervision of petitioner upon his release could be enforced by a period of special parole up to life. Counsel stated:

> I submit that society will be protected by a small prison sentence and an extended term of parole. This Court has jurisdiction under the special parole statute to keep this defendant on special parole for his entire adult life. Sentencing Minutes, May 31, 1977, at 4.

7. 18 U.S.C. § 4205.

8. 21 U.S.C. § 841(c).

9. See *Galante v. Warden, Metropolitan Correctional Center,* 573 F.2d 707, 708 (2d Cir.1977); 18 U.S.C. § 4213(a).

10. *Id.; see also Argro v. United States,* 505 F.2d 1374, 1377–78 (2d Cir.1974); *Pihakis v. Thomas,* 470 F.Supp. 721, 722 (S.D.N.Y.1979).