**Dr. Harry THERIAULT, a/k/a Shiloh, Petitioner,**

v.

**Warden Michael QUINLAN, FCI Otisville, New York, Respondent.**

**No. 84 Civ. 6007 (RWS).**

United States District Court, S.D. New York.

May 21, 1985.

Harry Theriault, petitioner, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent; Richard W. Mark, Asst. U.S. Atty., New York City, of counsel.

OPINION

SWEET, District Judge.

Dr. Harry Theriault, also known as Shiloh, ("Theriault") filed a petition for habeas corpus which was dismissed by order of this court on January 4, 1985, with leave granted to submit additional material based upon which the action might be reopened. Materials with respect to Theriault's claims of procedural error in the parole revocation hearing merit further investigation. The order dismissing Theriault's petition is modified in part, and the case is remanded to the United States Parole commission for review consistent with this order.

**Facts**

Theriault, a long-time prisoner, is presently incarcerated for parole violations. He alleges that the parole revocation proceeding violated 18 U.S.C. § 4214. On June 18, 1982 Theriault was released on parole from a twenty-eight year and one month term of imprisonment. He was paroled to the Western District of Arkansas and was to be under parole supervision pursuant to the conditions in 28 C.F.R. § 2.40 until December 25, 1984. On April 26, 1983 Theriault was arrested in New Hampshire on a parole violation warrant. Theriault was charged with violating the conditions of his parole by twice leaving the Western District of Arkansas without permission, failing to report a change in residence, failing to report a change in employment, and shoplifting. One week after his arrest, a preliminary interview was held pursuant to 18 U.S.C. § 4214(a)(1)(A). Although a revocation hearing was convened on July 25, 1983, Theriault objected to the composition of the panel and a continuance was ordered. The hearing was subsequently held on August 19, 1983, one hundred-fifteen days after the arrest. During the course of the revocation hearing, Theriault admitted having left the district without permission but denied the other charges. Theriault also requested that he be allowed to confront and cross-examine adverse witnesses regarding the shoplifting charge. This request was denied without explanation. The panel found

that Theriault had violated his parole with respect to each charge other than changing employment without notifying his parole officer and recommended that his parole be revoked. Theriault was returned to prison for twenty-eight months.

## Discussion

Two of Theriault's challenges to the propriety of the revocation hearing warrant discussion: the timeliness of the hearing, and the denial of his right to confront and cross-examine adverse witnesses with respect to the shoplifting charge.

## Timeliness

■ Theriault was arrested on April 26, 1983 and his revocation hearing was held on July 25, 1983, one hundred-fifteen days later. The lag of one hundred-fifteen days exceeds either the ninety days authorized by § 4214(c), applicable when the defendant has admitted guilt, or the sixty days authorized by § 4214(b), applicable when the defendant does not admit guilt. Twenty-five days of the delay are attributable to Theriault's own request for reconstitution of the panel. More importantly, the remedy for improper delay in the holding of a parole violation hearing is not the grant of habeas corpus. Rather, "the appropriate remedy is ... the compulsion of a prompt decision by the Commission." *Carmel v. United States Parole Commission*, 489 F.Supp. 113, 115 (S.D.N.Y.1980). That remedy has already been effected. In addition, Theriault has not and could not demonstrate any prejudice resulting from the delay. *Carmel, supra,* at 115. Indeed, the delay was at Theriault's behest and insured an unbiased hearing panel.

## The Right to Cross-Examine

The statute establishing procedures for parole revocation hearings states that alleged parole violator shall be granted an:
> opportunity ... to be apprised of the evidence against him and, if he so requests, to confront and cross examine adverse witnesses, unless the Commission specifically finds substantial reason for not so allowing.

18 U.S.C. § 4214(a)(2)(D). *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This right is limited by § 4214(c), which states that if an alleged parole violator either waives his right to a hearing under § 4214(a) or "admits violation at a preliminary hearing," then the alleged parole violator "shall have notice of such hearing, be allowed to appear and testify on his own behalf, and, unless waived, shall have counsel or another representative ..." If the hearing falls within the § 4124(c) exception, the alleged violator does not have a right to call and cross-examine adverse witnesses.

At the August 19 hearing Theriault requested the right to call and cross-examine adverse witnesses on the shoplifting charge. His request was denied by the panel without any explanation or findings of substantial reasons not to permit the calling of witnesses. (Tape recording of hearing at foot 424). At the close of the hearing Theriault's attorney objected to denial of this right. *Id.* at foot 666.

■ The government argues that because Theriault admitted the two violations dealing with leaving the district without permission, the entire hearing falls into the § 4214(c) exception. This is an improper reading of the statute. The § 4214(c) exception denies an alleged parole violator the right to call adverse witnesses only with respect to those charges to which there has been an admission. Where the paroled prisoner is charged with violations, one or several of which but not all are admitted, the § 4214(c) exception does not preclude the calling of adverse witnesses on those charges not admitted. The logic of the exception is to avoid the calling of witnesses where the witnesses will testify to an undisputed violation. This purpose is not served by precluding testimony and cross-examination with respect to violations in dispute. The reasoning of *Morrissey, supra,* requires that when the facts of an alleged violation are in dispute the defendant be permitted to cross-examine witnesses.

■ Although the government now presents reasons for the refusal to agree to Theriault's request to call witnesses, these reasons were not stated on the record as required by the statute. Section 4214(a)(2)(D) states that the defendant will have the right to confront and cross-examine witnesses "unless the Commission specifically finds substantial reasons for not so allowing." *See Lawrence v. Smith,* 451 F.Supp. 179, 187 (W.D.N.Y.1978) (requiring specific findings, stated in record, before denying request to cross-examine witnesses); *Baker v. Wainwright,* 527 F.2d 372, 378 (5th Cir.1976). The commission based the finding of a violation on an arrest warrant and supporting documents, without permitting Theriault meaningfully to test the accuracy of the allegations. This does not comport with due process.

### Conclusion

The findings of the parole commission are affirmed except with respect to the charge of shoplifting. That finding is vacated. This matter is remanded to the United States Parole Commission for reconsideration of the length of the sentence, based upon the charges that were affirmed.

IT IS SO ORDERED.