Dr. Harry THERIAULT, a/k/a
Shiloh, Petitioner,

v.

Warden Michael QUINLAN, FCI
Otisville, New York,
Respondent.

No. 84 Civ. 6007 (RWS).

United States District Court,
S.D. New York.

July 15, 1985.

MEMORANDUM OPINION

SWEET, District Judge.

The government has moved for reargument of this court's May 21, 1985, 609 F.Supp. 733, opinion ("opinion") which granted one of Dr. Harry Theriault's ("Theriault") claims in his petition for habeas corpus pursuant to 28 U.S.C. § 2241. This motion is granted in part and denied in part.

The opinion held that the Parole Commission's denial of Theriault's request to call witnesses, without a contemporaneous finding and explanation of a substantial reason for not so allowing, violated 18 U.S.C. § 4214(a)(2)(D). The government, relying on *Ponte v. Real,* —— U.S. ——, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985) now argues that due process is satisfied by a subsequently provided justification.

The government's reliance on *Ponte v. Real* is misplaced. In *Ponte* the Court found that due process was satisfied when prison officials provided reasons for refusing a prisoner's request to call witnesses at a prison disciplinary hearing, subsequent to the hearing. The Court held that there was no requirement that the reasons for the denial be stated contemporaneously.

 Theriault's motion, however, involves a parole revocation hearing controlled by 18 U.S.C. § 4214, not a prison disciplinary hearing controlled exclusively by the requirements of Constitutional due process. The finding that § 4214 was violated provides an independent basis for relief under 28 U.S.C. § 2241 which states that the writ of habeas corpus extends to

prisoners "in custody in violation of the Constitution *or laws* ... of the United States ..." (emphasis added). Even if the statute controlling parole revocation hearings provides greater rights than those required by due process in other contexts, a violation of the statute governing parole revocation hearings still provides a foundation for relief. *See Luther v. Molina,* 627 F.2d 71 (7th Cir.1980) (habeas can be provided where some aspect of revocation procedure is attacked as contrary to statute or regulation); *Silberberg v. U.S. Parole Commission,* 483 F.Supp. 1280 (M.D.Pa. 1980) (relief granted on habeas petition alleging parole commission's improper use of release date guidelines, 28 C.F.R. § 2.20); *United States v. Kenton,* 256 F.Supp. 296 (D.Conn.1966) (writ granted where prisoner denied statutory hearing on parole revocation). *See generally Parness v. United States Parole Commission,* 488 F.Supp. 102 (S.D.N.Y.1980) (judicial intervention via writ of habeas corpus appropriate when Commission has exceeded its authority or abused its discretion). The holding in *Ponte v. Real, supra,* does not require the reversal of my prior decision that the refusal to call Theriault's witnesses without a contemporaneous explanation violates 18 U.S.C. § 4214(a)(2)(D).

■ The government has also moved for reconsideration of the opinion's remand to the Parole Commission for recalculation of Theriault's sentence to permit an opportunity to conduct the revocation hearing on the shoplifting charge within the procedures mandated by the statute. Under *Billiteri v. United States Board of Parole,* 541 F.2d 938 (2d Cir.1976), the requested remand is appropriate and the Parole Commission may alternatively conduct another revocation hearing with respect to the shoplifting charge. At the hearing, the Commission is directed either to permit Theriault to call witnesses or to comply with the statutory procedure for denying his application to do so.

IT IS SO ORDERED.