**Douglas LaCHANCE, Petitioner,**

v.

**William P. BARR, in his capacity as Attorney General of the United States, the United States Parole Commission, and W. Scott, in his capacity as Warden, Metropolitan Correctional Center, Defendants.**

**No. 92 Civ. 8870.**

United States District Court,
S.D. New York.

Feb. 11, 1993.

Kenneth A. Caruso, Shearman & Sterling, New York City, for petitioner.

Allan N. Taffet, Asst. U.S. Atty., S.D.N.Y., New York City, for defendants.

## OPINION AND ORDER

STANTON, District Judge.

Petitioner Douglas LaChance applies for bail pending a final decision in proceedings before the United States Parole Commission.

## BACKGROUND

In 1981, LaChance commenced service of a 12–year term for extortion, racketeering and tax evasion. After serving nearly five years, on December 20, 1985 he was released to parole supervision.

While on parole LaChance pleaded guilty in Cape May, New Jersey in 1988 to careless driving and refusing to take a breath test. Although he could have been jailed for 15 days, he was fined $300. His parole could have been revoked then for that violation, but instead the Parole Commission (the "Commission") sent him a letter of reprimand (see below).

A little over four years later, in July 1992, LaChance tested positive for cocaine use. In October 1992, he was arrested and re-imprisoned for violating the conditions of his parole. At that time his maximum prison term would have expired on March 28, 1993, but because of his re-imprisonment, LaChance accrued additional good time credits of ten days per month, *see* 18 U.S.C. § 4161, thereby advancing his latest release date to February 18, 1993.

On January 7, 1993, the Commission adopted a hearing officer's recommendations to revoke LaChance's parole, forfeit the entire time he had spent on parole, and thus extend his release date to the year 2000. If his term were so extended, he would not be eligible for re-parole until June 22, 1993. LaChance plans to file an administrative appeal. He seeks bail in the interim.

The Commission charges LaChance with his positive test for cocaine, refusal to participate in a drug program, failure to appear at a hearing/interview, and leaving the district without permission (all of which occurred in 1992) and the 1988 conviction described above. Of those violations, only the 1988 conviction could serve as a basis for forfeiting LaChance's whole time of almost seven years on parole, *see* 18 U.S.C. § 4210(b)(2).

At the time of that conviction, the Commission had not forfeited, nor threatened to forfeit, LaChance's parole time, whether already served or to be served in the future. It merely issued a letter of reprimand.[1]

The issue is whether LaChance should be released on bail during the pendency of his administrative appeal.[2]

## DISCUSSION

The court has the power to grant bail in a case such as this, but "only in 'most unusual circumstances,' or when 'extraordi-

nary or exceptional circumstances make the grant of bail necessary to make the habeas remedy effective.'" *Robin v. Thomas*, 555 F.Supp. 849, 852 (S.D.N.Y. 1983), quoting *Galante v. Warden, Metropolitan Correctional Center*, 573 F.2d 707, 708 (2d Cir.1977). Crucial to the petitioner's case is a showing of some special or exceptional circumstances that distinguish him from other parole violators. *See Argo v. United States*, 505 F.2d 1374, 1377 (2d Cir.1974):

> While there is no constitutional right to bail in these circumstances, we think there may be adequate ground to support its grant in unusual cases, at least in a bona fide inquiry into whether a parole revocation is being conducted pursuant to due process.

(citations omitted).

LaChance argues that the Commission has no power to extend its jurisdiction over him past his original maximum term on the basis of the 1988 conviction. He contends that under 18 U.S.C. § 4210(b)[3] the Com-

1. The letter provides:

   The purpose of this letter is to inform you that the US Parole Commission has received information concerning your non-compliance with the conditions of your parole release. Official records indicate that you were paroled on 12/20/85, at which time you signed the Conditions of Release indicating that you understood them and would abide by them when you were released. The Commission has been informed that you are in violation of these conditions; specifically:
   (1) You shall not violate any law as evidenced by your guilty plea before the Cape May, New Jersey Municipal Court on 1/12/88 to the charges of Careless Driving and Refusal to Submit to a Breath Test.
   Violation of the conditions of release may result in the issuance of a warrant for your arrest. Your disregard of the rules and regulations set forth on your release certificate and by your US Probation Officer will no longer be tolerated. USPO Schramm has requested that we not issue a warrant at this time but rather address to you an Official Letter of Reprimand.
   The Commission has reviewed your case and has agreed with your Probation Officer. However, you are officially notified that continued disrespect and non-compliance with your condition of release will result in your arrest and return to federal custody. Your Probation Officer has received a copy of this

letter and will inform us immediately should any further violations occur.

2. Petitioner previously applied for habeas corpus relief in the Eastern District of New York, which was denied on November 20, 1992. *LaChance v. Barr*, No. 92–5435 (E.D.N.Y. Nov. 20, 1992). This action concerns claims arising from the December 10, 1992 parole revocation hearing which were not available to LaChance at the time of the earlier petition.

3. 18 U.S.C. § 4210(b)(2) provides:
   (b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that
   (2) in the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer

mission has only the power to determine whether an unexpired parole term should run concurrently or consecutively with the sentence imposed for a new offense. He argues that because he was not imprisoned for his 1988 conviction, the Commission may not hold him past his maximum term. He claims that the regulation codified in 28 C.F.R. § 2.52(c)(2),[4] which does not require an "actual term of confinement or imprisonment" before a conviction may be used to forfeit parole time, is inconsistent with the statute.[5]

It is unnecessary to decide that point, however, for LaChance also argues that even if the Commission has the statutory authority to extend his original maximum term by forfeiting his whole parole time, it lost that authority by waiting too long to act and by misleading him. That claim has merit. Even in regard to the revocation of probation, the Commission's discretion is not unlimited:

> Revocation of probation after unreasonable delay or under circumstances inherently misleading to the probationer is an abuse of discretion.

> We do not hold that under appropriate circumstances a probation officer or district court may not wait to assess the cumulative effect of several violations before initiating a revocation proceeding. We also do not suggest that revocation proceedings should be an automatic reaction to technical or minor violations simply to preserve the government's position. At some point, however, violations

of which the district court has been apprised and upon which the probationer has sought corrective action become stale or are waived as a basis for revoking probation. Three years is beyond that point under the circumstances of this case.

*United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir.1983) (citations omitted). *See also, United States v. Tyler*, 605 F.2d 851, 853 (5th Cir.1979) (delay of two years coupled with probation officer's initial decision not to file charges is "fundamentally unfair").

The contemplated forfeiture of all of LaChance's parole time, from 1985 to 1992, would impose a second, and much more serious sanction for LaChance's 1988 conviction. It would go far beyond the possible consequences mentioned in the contemporaneous reprimand for that incident, which warned LaChance only that "continued disrespect and non-compliance with your conditions of release will result in your arrest and return to federal custody." Nothing in the letter indicated that the conviction (with its maximum term of fifteen days) might be used over four years later as an excuse for adding almost seven years to his term.

The government's contention that it was appropriate for the Commission to wait and assess the cumulative effect of several violations before forfeiting LaChance's parole time is specious. The Commission may forfeit parole time only on the basis of a conviction which is punishable by a term of imprisonment. *See* 18 U.S.C. § 4210(b).

---

than the maximum term for which he was sentenced in connection with such offense.

**4.** 28 C.F.R. § 2.52(c)(2) provides:
(c) A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below:
(2) It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. An actual term of confinement or

imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility.

**5.** Although the Second Circuit has not addressed this argument directly, it was rejected in *United States ex rel. Del Genio v. United States Bureau of Prisons*, 644 F.2d 585, 588 (7th Cir.1980):
The Petitioner asks us to hold this regulation inconsistent with the statute. The statute, however, is ambiguous. In such a case, of course, it is appropriate to give some deference to the agency charged with interpreting the Act. Furthermore, in this case the agency interpretation is completely consistent with the intent of the drafters of section 4210(b).

Therefore, while failing a drug test, refusing to get drug treatment, missing an interview and leaving the district are violations which can support a revocation of parole, only LaChance's 1988 conviction could support the forfeiture. Even with his subsequent violations, at some point a prior conviction upon which the Commission had taken timely action may no longer serve as a basis for forfeiting all of a parolee's street time. Under the circumstances, it appears that LaChance has good grounds for expecting that the National Appeals Board will overturn the Commission's determination.

LaChance has "raised a substantial challenge to the legality" of the Commission's actions, *Toomey v. Young*, 449 F.Supp. 336, 338 (D.Conn.1978), *aff'd*, 589 F.2d 123 (2d Cir.1979). The Appeal Board's final decision will not be made by the expiration of his maximum term on February 18, 1993, *see Galante v. Warden, Manhattan Correctional Center*, 447 F.Supp. 64, 66 (1977) (bail is appropriate in cases of "short sentences so near completion that, without bail, collateral review would be ineffective"), *aff'd*, 573 F.2d 707 (2d Cir.1977). Accordingly, interim bail is appropriate.

## CONCLUSION

On February 18, 1993, his original latest release date, LaChance is to be admitted to bail upon appropriate conditions.

So ordered.